EVANS *v.* EVANS.

No. 13202. MAY 23, 1940.

*Edward F. Taylor* and *William H. Sanders,* for plaintiff.

*Hallie B. Bell* and *Grady Gillon,* for defendant.

BELL, Justice.  The General Assembly passed an act, which was approved on March 28, 1935, and which except the repealing clause reads as follows:

"An act to regulate procedure in the courts of this State by providing for the trial of all cases at the first or appearance term where the parties consent thereto; by ratifying and confirming all verdicts and judgments rendered in divorce cases heretofore tried and rendered by parties at the first or appearance term of any court; providing a period of limitation within which the defendant in any divorce case tried at the first or appearance term shall move to set aside the verdict or judgment therein rendered; and for other purposes."

"Be it enacted by the General Assembly of Georgia:

"Section 1.  That all cases, whether at law or in equity, in the courts of this State may be tried at the first or appearance term, provided the same is ready for trial, upon the consent of the parties thereto, which consent shall be entered upon the docket of the court.

"Sec. 2.  That all verdicts and judgments heretofore rendered in any divorce case tried at the first or appearance term by the consent of the parties thereto, shall be and they are hereby declared to be, legal and binding and of the same effect as if such cases had been tried at the trial term of such court.

"Sec. 3.  That any final verdict or judgment heretofore rendered by virtue of the trial of any divorce case in any court of this State at the first or appearance term, whether with or without the consent of the parties thereto, shall be, and the same is hereby declared to be, legal and binding and of the same force and effect as if such divorce case had been tried at the trial term, unless the defendant, or other person against whom such verdict or judgment was rendered, shall move to set the same aside within six months from the date of the approval of this act.

"Sec. 4. That all verdicts and judgments hereafter rendered in any divorce case in any court of this State at the appearance term shall be, and the same are hereby declared to be, legal and binding and of the same force and effect as if rendered at the trial term, whether such case was tried at the appearance term with or without the consent of the parties thereto, unless the defendant, or other person against whom such verdict or judgment was rendered, shall move to set the same aside within six months from the date thereof.

"Sec. 5. Be it further enacted, that if any sentence, provision, or paragraph of this act be construed as invalid or unconstitutional, that it shall in no way affect the validity or constitutionality of the remaining sentences, provisions or paragraphs of this act." Ga. L. 1935, pp. 481-482.

The law provides "for holding four (4) terms a year of the superior court of Bibb County," as follows: "on the first Monday in February, third Monday in April, third Monday in July, and the first Monday in November." Ga. L. 1907, p. 64. On September 1, 1938, Charles R. Evans filed in the superior court of that county a suit against his wife, Annie Bell Evans, seeking a divorce on the ground of cruel treatment. A verdict was returned in his favor on November 25, 1938, during the November or appearance term. A similar verdict was returned during the February or second term, on February 17, 1939, and on the same date a judgment awarding a total divorce as prayed was entered. No appearance had been made by the defendant, but on June 15, 1939, she filed in the same court a motion that "said verdicts and judgment . . be set aside and decreed to be void and of no force and effect." She further asked that the case be tried at the proper time and in the legal manner, and that the plaintiff be denied a divorce. At the same time she tendered an answer denying the allegations as to cruel treatment, and averring that the plaintiff had no just cause of complaint against her. The motion contained the following allegations: The suit for divorce was returnable to the November term, 1938. The defendant did not consent for the case to be tried at the first term, and did not authorize any one else to do so for her. The first verdict as rendered at that term was void upon its face, and constituted no basis for a divorce even after a second verdict. She did not know that the case would be tried at the

November term, and did not learn that it had been so tried until recently, during the April term. She knew about the trial in February, but "understood" that this was the first trial and that only the *first* verdict had been rendered at that term.

At the hearing on the motion, Mrs. Evans testified, without dispute, in support of the allegations therein contained. She further testified that "as soon as" she learned "that the plaintiff contended that he had obtained the first verdict . . at the November term, 1938," she "immediately employed counsel and filed a petition in the superior court, moving that the court set aside said verdict and the decree of the court granting the divorces to the plaintiff and defendant in said case." She introduced an affidavit of the clerk of the superior court to the effect that he had examined the records, dockets, and papers in his office to ascertain whether any consent for trial at the appearance term had been filed or recorded; that he did not "find that any such consent [had been filed] in said office or recorded or entered upon the docket in relation to said case." The movant introduced a second affidavit by the clerk, in which he deposed that he had examined the various court calendars which had been posted in his office during the month of November, covering cases, contested and uncontested, for trial during the November term, and that this case "was not listed on any of said calendars." Rules of the superior court, relating to the time of trial of contested and uncontested cases and to posting of calendars in the clerk's office, were also introduced.

Charles R. Evans testified in his own behalf that before he filed his petition for divorce Mrs. Evans stated that she desired a divorce, but that her lawyer wanted a stated sum, and he (Evans) told her that he could "get it done for much less." He did not ask her to waive the appearance term of court, and so far as he knows she did not waive it.

The court entered an order overruling and dismissing the "motion to set aside the verdicts and judgment." Mrs. Evans excepted.

The principal questions for decision are (1) whether since the passage of the act of 1935 a superior court has jurisdiction to allow a first verdict for the plaintiff in a divorce case, at the appearance term, without consent of the defendant for a trial at such term; (2) whether section 4 of the act of 1935 applies to future cases; and (3) where in a divorce case instituted after the passage of the

act a first verdict is rendered for the plaintiff at the appearance term, without consent of the defendant for a trial at such term, and such verdict is followed by a second verdict and a decree of divorce at the next term, and where the defendant makes a motion "to set the same aside" in pursuance of section 4, from what date is the prescribed limitation of six months to be computed?

■ We consider first the question of jurisdiction. In the brief of counsel for the plaintiff in error it is stated, that before the act of 1935 there was little doubt about the law relating to the right to try a divorce case at the appearance term, but that certainly there could be no trial at such term without consent of the defendant or some form of waiver; that a practice had grown up in Bibb County, and possibly in other counties, whereby the plaintiffs and defendants in divorce cases would agree for a trial at the first or appearance term, and for a second verdict at the second or trial term, thus hastening by consent the time within which a divorce might be obtained; that finally some one questioned the validity of divorces so granted; and that in order to avoid the possibility that a large number of divorces might be declared illegal, with consequent entanglement of marital and property rights, the act of 1935 was passed. We refer to this statement merely as information, and not with the view either of taking judicial cognizance of the facts so stated or of determining whether we might do so. In our opinion, the factual background need not be considered in construing the act of 1935. It seems that under the Code of 1910 a divorce case could not be tried at the first term, even by consent of the parties (§§ 5602, 5659, 5661, 5710). Nor was the law upon this subject changed by the Code of 1933 (§ 81-1003). The citation here refers to the official Code, and not to the "Georgia Code Annotated," which contains later enactments and is being constantly supplemented by pocket parts. The illegality of a trial at such term was a defect relating to jurisdiction, and could not be obviated by consent. *Fleming* v. *West*, 98 *Ga.* 778 (27 S. E. 157) ; *Harrell* v. *Davis Wagon Co.*, 140 *Ga.* 127 (78 S. E. 713) ; *Bell* v. *Verdel*, 140 *Ga.* 768 (79 S. E. 849) ; *Kantzipper* v. *Kantzipper*, 179 *Ga.* 850 (177 S. E. 679). There would seem to be no constitutional reason why the General Assembly may not provide by statute for a trial of any case at the first term, either with or without consent of the parties, provided the principle of due process is duly ob-

served. It was long ago provided that proceedings for equitable relief might by consent be tried at the first term, if service shall have been perfected. Code, § 37-1102; Code of 1910, § 5421. But a divorce proceeding is not a proceeding in equity, and hence does not come within the terms of this statute. *Griffin* v. *Griffin*, 130 *Ga.* 527 (61 S. E. 16); *Schooler* v. *Schooler*, 77 *Ga.* 601; 19 C. J. 24, § 30. Further legislation was necessary in order for the courts to have jurisdiction to permit a first trial of a divorce case at the appearance term. Such legislation came in limited form in the act of 1935.

The present case arose after the passage of the act of 1935; and it is insisted that the act does not apply to future cases. Although it is stated by counsel that if section 4, which is the section here directly involved, should be construed as applying to cases subsequently arising, its constitutionality might be questioned upon the ground that it contained matter different from anything expressed in its title, there is no attack upon any portion of the statute upon this or other ground. We recognize the rule that if a statute is equally susceptible of two constructions, one of which would harmonize with the constitution and the other of which would render it inconsistent with that instrument, the former construction is generally to be preferred. *Fordham* v. *Sikes*, 141 *Ga.* 469 (81 S. E. 208); *Cutsinger* v. *Atlanta*, 142 *Ga.* 555 (3 *a*) (83 S. E. 263, L. R. A. 1915B, 1097, Ann. Cas. 1916C, 280); *Pacolet Manufacturing Co.* v. *Weiss*, 185 *Ga.* 287, 295 (194 S. E. 568). We think, however, that section 4 can not reasonably be construed as applying only to cases pending at the passage of the act, even if it applies at all to cases of that class. Whatever may be its intent as to cases so pending, and whether it may leave a hiatus with reference thereto, its language clearly embraces a prospective view, and extends to action subsequently instituted. Code, § 102-104. Nor are we persuaded to a different conclusion by the further insistence of counsel that if section 4 is not limited to pending cases, the act becomes self-contradictory in that section 1 authorizes the trial of cases at the first term only by consent of the parties, whereas section 4 will have the effect of legalizing a trial at that time even though it is had without such consent. We can not agree that a construction of section 4 as applying to future cases would render the act self-contradictory as contended. This section con-

sidered with the entire act, and especially with section 1, does not purport to validate a trial had at the first term without consent, but its only effect is to remove the want of jurisdiction in such case, and to fix a period of limitation within which a verdict prematurely rendered at such term, and erroneous for that reason, with any subsequent proceedings based thereon, may be attacked for such illegality; that is, for the error as to prematurity.

■ With respect to a motion to vacate for such illegality, the act of 1935 prescribes a limitation period of six months; but from what time must this period be computed? The provisions of section 4 on *literal* interpretation would seem to imply that a divorce might be brought to final judgment at the appearance term. This, however, would be contrary to the constitutional provision that no total divorce shall be granted except upon the concurrent verdicts of two juries at different terms of the court, and presumably the lawmakers did not imagine or intend to deal with any such unconstitutional situation. Code, § 2-4201. Accordingly, a proper construction of the statute would seem to be that all verdicts and judgments hereafter rendered in any divorce case in which a first verdict shall be rendered at the appearance term, without consent of the parties for a trial at such term, shall be legal and binding and have the same force and effect as if such first verdict had been rendered at the trial term, unless the defendant or other person against whom such first verdict is rendered shall move to set the same aside within six months from the date thereof. In any such case, it would be the first verdict which would afflict the proceeding with error, and there might for some reason be long delay before the rendition of the second verdict and the final decree. Since the defect or irregularity would begin with the premature first verdict, we think the more reasonable construction is that the motion to vacate shall be made within six months of such antecedent error, rather than that it may be delayed for the period of six months after the second verdict, or for such period after the final decree. This interpretation finds support in the principle that the intention of the legislature, as it manifestly appears in a statute, must be carreid into effect, although the precise and literal sense of the terms may be different. *Erwin* v. *Moore,* 15 *Ga.* 361; *Demere* v. *Germania Bank,* 116 *Ga.* 317, 318 (42 S. E. 488); *Board of Tax Assessors* v. *Catledge,* 173 *Ga.* 656 (2) (160 S. E. 909); *State Revenue Com-*

*mission* v. *Alexander,* 54 *Ga. App.* 295, 297 (187 S. E. 707). Since the motion here was not filed within six months from the date of the first verdict, in which the error originated, both verdicts and the judgment were to be treated as valid under the act of 1935. In other words, the motion was barred by the limitation prescribed in section 4.

The movant's delay is not excused or relieved because she did not know that a verdict had been rendered at the first or appearance term. *Davis* v. *Boyett,* 120 *Ga.* 649 (48 S. E. 185, 66 L. R. A. 258, 102 Am. St. R. 118, 1 Ann. Cas. 386) ; *Arnold* v. *Rogers,* 43 *Ga. App.* 390 (159 S. E. 136) ; *Barrett* v. *Jackson,* 44 *Ga. App.* 611 (162 S. E. 308). While it may be true that the case was not listed upon any calendar as posted for the November term, it does not appear that the movant examined any calendar, nor is it contended that the husband was guilty of any fraud by which the wife was debarred or deterred from moving within the time prescribed. Code, § 3-807. Mrs. Evans is presumed to have known of the passage of the act of 1935. She was charged with the legal duty of keeping informed as to progress of the litigation (*Lovelace* v. *Lovelace,* 179 *Ga.* 822 (1 *c*), 177 S. E. 685), and in view of the new statute she was bound to know that in the event of a first verdict at the appearance term she would lose the right to set it aside unless she acted within six months from the date thereof. Compare Code, § 3-702 ; *Williams* v. *Simmons,* 79 *Ga.* 649 (2) (7 S. E. 133) ; *Beardsley* v. *Hilson,* 94 *Ga.* 50 (2, 3) (20 S. E. 272) ; *Hughes* v. *State Board of Medical Examiners,* 162 *Ga.* 246, 250 (134 S. E. 42) ; *Harper* v. *Atlanta & West Point Railroad Co.,* 33 *Ga. App.* 259, 265 (125 S. E. 885). The court did not err in overruling the motion to set aside the verdicts and judgment.

<div align="center">

*Judgment affirmed. All the Justices concur.*