### 19193. TOBIN *v*. TOBIN.

MOBLEY, Justice. The defendant in error, who was defendant in the divorce petition filed by her husband against her, made her special appearance in said case for the purpose of moving to set aside the final judgment and decree therein, on the grounds that the Superior Court of Fulton County, Georgia, was without jurisdiction of the divorce petition filed against her by the husband, because he had not been a resident of the State of Georgia for 6 months prior to the filing of his petition for divorce, nor at the time of filing, and for the further reason that she was never served because the plaintiff falsely and fraudulently alleged in his petition that she was residing at 2300 Thornton Avenue, Burbank, California, when he knew that she did not reside at said address, was not residing there when he left her, and that he knew she had been residing at 4755 Catalpa Street, Los Angeles, California, for more than 12 months prior to the filing of his petition, and that said fraudulent representations were made to prevent her receiving a copy of the petition for divorce filed against her. In her motion she prayed that the final judgment and decree of divorce be declared void, illegal, of no force and effect, and that it be vacated and set aside, for rule nisi and for such other relief as the court might deem proper. Her motion was filed more than 30 days after the final judgment in the divorce proceeding, but she alleged that she filed it as soon as the fraud was discovered. There were no defects appearing on the face of the record or pleadings in the original divorce proceeding. *Held:*

"When a judgment has been rendered, either party may move in arrest thereof, or to set it aside for any defect not amendable which appears on the face of the record or pleadings." Code § 110-702. "A motion to set aside a judgment must be based upon some defect apparent upon the face of the record." *Tietjen* v. *Merchants' National Bank,* 117 *Ga.* 501

(1) (43 S. E. 730). See also *Sweat* v. *Latimer*, 119 *Ga.* 615 (46 S. E. 835); *Drake* v. *Brown Manufacturing Co.*, 121 *Ga.* 550 (49 S. E. 590). Since the motion to set aside the judgment in this case was not predicated upon some defect apparent upon the face of the record or pleadings it was without merit. As stated in *Dugan* v. *McGlann*, 60 *Ga.* 353 (1), "a judgment may be vacated for fraud, accident or mistake, unmixed with the negligence or fault of the complaining party, by decree in chancery, or in a court of law with appropriate pleadings, but cannot be set aside on either of those grounds on motion." See also *Lucas* v. *Lucas*, 179 *Ga.* 821 (3) (177 S. E. 684). Accordingly, the motion to set aside the judgment and decree of divorce is without merit, and the trial court erred in overruling the demurrer thereto, that was interposed by the plaintiff in error.

*Judgment reversed. All the Justices concur.*

ARGUED JANUARY 11, 1956—DECIDED FEBRUARY 15, 1956.

*Howard & Harmon, James C. Howard,* for plaintiff in error.
*Matthews & McClelland, J. Ralph McClelland, Jr.,* contra.