### 20251. MILHOLLIN *v.* MILHOLLIN.

MOBLEY, Justice. 1. Consent to the trial of a divorce case at the appearance term before the judge and without the intervention of a jury is consent to trial of the cause upon the issues made by the pleadings at the time of trial, including recrimination by the defendant, in which he sets forth grounds for divorce for himself.

2. Prior to an act of the General Assembly approved March 28, 1935 (Ga. L. 1935, p. 481), the courts of this State were without jurisdiction to try a divorce case at the appearance term, and legislation to permit such, " . . . came in limited form in the act of 1935." *Evans* v. *Evans,* 190 *Ga.* 364, 369 (9 S. E. 2d 254), and cases cited. The purpose of section 2 of that act was to make valid and binding verdicts and judgments previously rendered in divorce cases at the first or appearance term by consent of the parties; of section 3, was to make such judgments—those granted before this act—valid and binding whether with or without consent of the parties, unless the party against whom it was rendered moved to set it aside within six months; and of section 4, to make such judgments and verdicts, with or without consent of the parties, rendered after passage of this act valid unless the party against whom judgment was rendered moved to set same aside within six months. As stated in *Evans* v. *Evans,* 190 *Ga.* 364, at page 369: "This section [section 4] considered with the entire act, and especially with section 1, does not purport to validate a trial had at the first term without consent, but its only effect is to remove the want of jurisdiction in such case, and to fix a period of limitation within which a verdict prematurely rendered at such term, and erroneous for that reason, with any subsequent proceedings based thereon, may be attacked for such illegality; that is, for the error as to prematurity." The Act of 1956 (Ga.

L. 1956, vol. 1, p. 68, sec. 1; Code § 81-1003 (a)) specifically authorized the trial of an action for divorce at the first or appearance term, provided it is ready for trial, upon consent of the parties thereto, which consent shall be entered upon the court's docket. Under authority of that section, verdicts and judgments for divorce rendered at the appearance term with the consent of the parties are valid, and their validity or their becoming binding in no way depends upon the expiration of six months without a motion to set aside.

3. Accordingly, a verdict for divorce rendered at the first or appearance term with consent of the parties entered upon the court's docket may not be set aside for prematurity; and where, as here, the parties consented to the trial of the action for divorce, alimony, custody of a minor child, and attorney's fees at the appearance term, a motion brought under Code (Ann.) § 30-133 to set aside the judgment rendered in the case at the appearance term fails to state a cause of action under said section. The motion also fails to set forth a cause of action under Code § 110-702, which provides that either party may move to set aside a judgment for any defect not amendable which appears on the face of the record or pleadings, as the motion does not purport to, nor does it, set forth any defects appearing on the face of the pleadings. *Regopoulas* v. *State*, 116 *Ga.* 596 (1) (42 S. E. 1014). The trial court properly sustained the general demurrer to the motion.

*Judgment affirmed. All the Justices concur.*

SUBMITTED OCTOBER 14, 1958—DECIDED NOVEMBER 7, 1958.

*Joseph S. Crespi, Crespi & Milam,* for plaintiff in error.
*Ewing & Williams, Marshall Ewing,* contra.