20589. PREWETT *v.* PREWETT.

HAWKINS, Justice. On February 26, 1959, the wife filed a petition for divorce against her husband, in Fulton Superior Court, in which she alleged there were no children as the result of their marriage, and that "petitioner and the defendant, have, by agreement divided their property between them." The parties executed an agreement to try the case at the first, or appearance, term. On April 16, 1959, Judge

Virlyn B. Moore entered a final judgment and decree granting a divorce between the parties, with the right of each to remarry. There was no provision for alimony. On May 8, 1959, the husband filed a motion to set aside, vacate, or modify the aforementioned decree, in which motion he contended that the oral agreement between the parties to divide their property, while reduced to writing, was not signed by the parties and filed as a part of the pleadings in the divorce case. His prayers were "That the order of the court dated April 16, 1959, be set aside, vacated or modified to include the agreement," which was attached and identified as Exhibit A, and that the wife "be made to specifically perform the terms of the said agreement." The exception is to the following order and judgment: "The within and foregoing 'Motion to set aside, vacate or modify order,' filed by the defendant, having come before me for hearing, and after hearing argument of counsel on oral motion made by plaintiff's counsel to dismiss, it is hereby ordered, adjudged and decreed, that the motion filed by the defendant be and the same is hereby dismissed." *Held:*

The judgment and decree here sought to be set aside having been rendered on April 16, 1959, during the March-April term of Fulton Superior Court, the motion to set aside filed May 8, 1959, came at a subsequent term, was not based on any defect appearing on the face of the record or pleadings, and was not accompanied by any brief of the evidence adduced upon the trial which resulted in the judgment and decree (*Harper* v. *Mayes*, 208 *Ga.* 766, 69 S. E. 2d 573; Code § 110-702); and since by the act of the General Assembly approved March 6, 1956 (Ga. L. 1956, p. 405), Code (Ann.) § 30-101 was amended to eliminate the provision for filing a petition to modify or set aside a judgment in a divorce case within thirty days from the rendition and entering thereof (*Lott* v. *Lott*, 212 Ga. 672, 94 S. E. 2d 869), the trial judge did not err in dismissing the motion. Code (Ann.) § 30-113.

*Judgment affirmed. All the Justices concur.*

ARGUED SEPTEMBER 17, 1959—DECIDED OCTOBER 14, 1959.

*Richardson & Chenggis, R. Bruce Richardson,* for plaintiff in error.

*Arnold S. Kaye,* contra.