21321. BROWN v. BROWN, nee FOXWORTH.

Argued July 11, 1961—Decided October 5,1961.

*Stone & Stone*, for plaintiff in error.

*Campbell & Vaughn, Clarence Vaughn, Jr., Edwin W. Ross*, contra.

QUILLIAN, Justice. The explicit provisions of *Code* § 81-1003 as amended (Ga. L. 1935, pp. 481, 482; Ga. L. 1946, pp. 761, 776; Ga. L. 1956, pp. 68, 69; Ga. L. 1958, pp. 315, 316; Ga. L. 1960, pp. 1022, 1023) are that: "Except where provision is otherwise specifically provided for by law, all civil cases shall be triable at the 'return' or trial term, as defined in Code section 81-201; provided, however, that any civil case, by consent of the parties thereto, may be tried any time after the appearance day of such case." *Code* § 81-201 as amended (Ga. L. 1946, pp. 761, 768) further provides: "If the period of time between the appearance day of a case and the day on which the next regular term of court is scheduled by law to begin is 30 days or more, the same shall be deemed to be returnable to that term. If the period of time between the appearance day of a case and the day on which the next regular term of court is scheduled by law to begin is less than 30 days, the case shall be deemed to be returnable to the next regular term of court thereafter." The appearance day of the divorce suit was September 19, 1960. The case was not ripe for trial until the January term, 1961, of Newton Superior Court, there being no consent on the part of the defendant to the case that it be tried at an earlier date. *Henderson v. Henderson*, 206 Ga. 23, 27 (55 SE2d 578); *Hartley v. Hartley*, 211 Ga. 616, 618 (87 SE2d 851). *Code Ann.* § 30-133 (Ga. L. 1935, pp. 481, 482) provides that such judgment may be set aside upon motion made by the defendant, or other person against whom such verdict or judgment was rendered, within six months from the date thereof.

*Code* § 24-3326 further provides: "The service of any notice, process, motion, rule or order of the court on the attorney of record for any party to a cause pending in any court in this State shall be deemed sufficient service." Under the facts of this case, the divorce decree rendered on September 26, 1960, could under *Code Ann.* § 30-133, be set aside on proper motion at any time

within six months of its date. Under the provisions of this Code section (30-133), where the motion to set aside the verdict and judgment is made within the six months' period provided by the statute, the divorce suit has not finally terminated but is still a pending cause in the superior court. *Evans v. Evans*, 190 Ga. 364, 369 (2) (9 SE2d 254); *Milhollin v. Milhollin*, 214 Ga. 571 (2) (106 SE2d 33).

In *Walker v. Floyd*, 30 Ga. 237, 240, it is held: "The employment of counsel goes to the whole of the litigation, from the time of his employment to the end of the same, and he is expected, and it is his duty, to do every service in the progress of the cause that is necessary for the prosecution, protection, or defense of his client's right." See also *Parks v. Bank of Adairsville*, 13 Ga. App. 48 (78 SE 856). Therefore, service was made on the attorney of record in a "cause pending" within the meaning of said *Code* § 24-3326. The motion to set aside the divorce decree was in order and properly granted.

*Judgment affirmed. All the Justices concur.*