### 23924. MANNING v. MANNING.

ARGUED FEBRUARY 13, 1967—DECIDED MARCH 9, 1967.

*Paul J. Jones, Jr.,* for appellant.

*E. L. Stephens, Jr.,* for appellee.

GRICE, Justice. The sustaining of a general demurrer to a motion to set aside a divorce decree is for review. The motion, in two counts, was by Mrs. Joyce S. Manning against Gurvice A. Manning, Sr., and was filed in the Superior Court of Laurens County.

1. Count 1 contends that the decree which was rendered on November 3, 1966, was premature. It insists that there were less than 30 days between the appearance day of the within case and the convening of the next term (October 1966) of the trial court, and therefore that the case was not ripe for trial until the term after that, to wit, the January 1967 term. It points out that the defendant, who is the appellant here, did not file any defensive pleadings and did not consent for the case to be tried at the October 1966 term. It urges that, therefore, the decree should be set aside pursuant to *Code Ann.* § 30-133 (Ga. L. 1935, pp. 481, 482), which provides in material part that "All verdicts and judgments hereafter rendered in any divorce case . . . at the appearance term shall be . . . legal and binding and of the same force and effect as if rendered at the trial term, whether such case was tried at the appearance term with or without the consent of the parties thereto, unless the defendant . . . shall move to set the same aside within six months from the date thereof."

This contention, as we appraise it, is not meritorious.

The statute which, in our opinion, controls here is Georgia Laws 1962, pages 462, 463, which superseded Subsection (a) of *Code Ann.* § 81-1003, as it then existed. It declares, in essential features, that "Except where provision is otherwise specifically provided for by law, all civil cases shall be triable at the 'return' or trial term, as defined in Code section 81-201 . . . and Provided, further, that all divorce cases may be tried at any time 30 days after the appearance day of such case where no issuable defense is filed on or before the appearance day thereof." This portion of such 1962 statute prevails over anything to the contrary in the 1935 statute above quoted.

It sanctions what took place here insofar as the timing of the final decree was concerned. Since service was had upon the defendant on August 30, 1966, the appearance day for her defensive pleadings to be filed was, in accordance with *Code Ann.* § 81-201, 30 days thereafter, to wit, September 29, 1966. Therefore, in conformity with the above quoted provision of the 1962 statute, this divorce case stood ready for trial and decree on November 3, 1966, which was more than 30 days after the appearance day of September 29, 1966.

In view of the foregoing, we deem Count 1 subject to the general demurrer.

2. Count 2 alleges, insofar as necessary to recite here, that the trial of the divorce case and rendition of final judgment therein was a chamber proceeding, conducted in the private office of the judge, without any notice and without the knowledge of the defendant or her attorney, contrary to Article VI, Section IV, Paragraph VIII of the Georgia Constitution (*Code Ann.* § 2-3908); that she was a litigant with the right to contest the divorce action, with or without filing defensive pleadings and a demand for jury trial on or before the call of such case; and that because of the denial of such rights due to lack of notice of the trial of her case at a chamber proceeding, the decree should be set aside.

This count we also appraise as lacking in merit.

It is not predicated upon any defect apparent on the face of the record or pleadings of the divorce case. Our *Code,* § 110-702 provides that: "When a judgment has been rendered, either party may move . . . to set it aside for any defect not amendable which appears on the face of the record or pleadings." See also *Tobin v. Tobin,* 212 Ga. 205 (91 SE2d 508).

Therefore, the judgment sustaining the general demurrer to this count was correct.

*Judgment affirmed. All the Justices concur.*