### 25796. NEWTON v. NEWTON.

ALMAND, Chief Justice. This appeal is from an order setting aside, on motion of the defendant, a final decree for divorce and alimony.

On November 25, 1968, Alice Powell Newton filed her petition against James Thomas Newton, Jr., in the Superior Court of Colquitt County, in which she prayed for a total divorce, alimony and attorney's fees, and demanded a jury trial. Personal service was had on the defendant on November 25, 1968.

On March 29, 1969, at the October term of Colquitt Superior Court, the court, without the intervention of a jury, and the defendant neither appearing in person nor by a pleading, entered a final decree granting a total divorce between the parties, permanent alimony and attorney's fees.

On August 21, 1969, at the April term of said court the defendant filed a motion in said case seeking to set aside the final decree on the grounds: (a) the case was tried on March 29, 1969, without notice to the defendant, and (b) the dismissal by the plaintiff of her demand for a jury trial was in effect an amendment to her complaint and he was not served with a copy of the amendment.

A rule nisi was issued and a hearing had on the motion of the plaintiff, Alice P. Newton, to dismiss the motion to set aside the final decree.

After the hearing was had on the motion, the court concluded as a matter of law that (a) the plaintiff's dismissal of her demand for a jury amounted to an amendment of her petition, (b) failure of the defendant to file defensive pleadings did not amount to a waiver of notice of a trial by jury, and (c) the defendant had the right to file his motion to set aside the final decree within six months from March 29, 1969. The court set aside the final decree.

The plaintiff filed notice of appeal and enumerates as error the orders of November 14, 1969, and January 8, 1970, denying the motion of the plaintiff to dismiss the motion of the defendant to set aside the final decree.

We are of the opinion that the court erred in not sustaining the plaintiff's motion to dismiss the defendant's motion.

Personal service in the divorce case was had on the defendant on November 25, 1968, and the case could have been tried at any time after December 26, 1968. When the case was tried on March 29, 1969, the defendant had not filed any pleadings in the case. Even if the writing on the petition by plaintiff's counsel dismissing her demand for a jury be considered as an amendment to her petition, there is no requirement of law that the defendant be served with notice of the dismissal, he having filed no pleadings in the case. *Code Ann.* § 81A-105 (a) of the Civil Practice Act provides: "Except as otherwise provided in this Title every order required by its terms to be served, every pleading subsequent to the original complaint unless the court otherwise orders because of numerous defendants, every written motion other than one which may be heard ex parte, and every written notice, appearance, demand, offer of judgment, and similar paper shall be served upon each of the parties: Provided, however, the failure of a party to file pleadings in an action shall be deemed to be a waiver by him of all notices, including notices of time and place of trial, and all service in the action, except service of pleadings asserting new or additional claims for relief, which shall be served as provided by subsection (b) hereof." There is no provision in the laws of Georgia, either as to divorce or other civil proceedings that notice of the withdrawal of a jury demand by the plaintiff must be served on the defendant. It was held in *Dodd v. Dodd,* 224 Ga. 746 (164 SE2d 726) that a written demand for a jury may be orally withdrawn.

The motion of the defendant to set aside the final decree does not show that it is "predicated upon some nonamendable defect which does appear upon the face of the record or pleading," § 81A-160 (d) Civil Practice Act, and for that reason it was subject to dismissal. *Glosson v. Glosson,* 211 Ga. 878 (89 SE2d 516).

The final decree having been rendered at the time permitted by law (§ 81A-140 (a) Civil Practice Act), the provision of

*Code Ann.* § 30-133 (Ga. L. 1935, p. 481) has no application here. See *Milhollin v. Milhollin,* 214 Ga. 571 (106 SE2d 33), and *Manning v. Manning,* 223 Ga. 202 (154 SE2d 226).

The court erred in failing to sustain the appellant's motion to dismiss the appellee's motion. The subsequent order setting aside the decree was, therefore, nugatory. *Prewett v. Prewett,* 215 Ga. 425 (110 SE2d 638).

*Judgment reversed. All the Justices concur.*

ARGUED MAY 11, 1970—DECIDED JUNE 9, 1970.

*Jack W. Carter,* for appellant.
*Emory M. Hiers,* for appellee.