## 27438. WALLACE v. WALLACE.

UNDERCOFLER, Justice. T. J. Wallace filed a complaint for divorce on November 26, 1971, against Lillie Pearl Taylor Wallace on the ground of cruel treatment. The defendant was personally served but did not file any pleadings. The complainant was granted a divorce on May 23, 1972. The defendant duly moved for a new trial on the general grounds and attached to the motion an affidavit which asserts: That on an average of every other week-end since the divorce suit was filed her husband would either stay overnight in her apartment or she would spend the night in his apartment and "on each occasion they would conduct themselves as though they were still married, including having sexual intercourse with each other"; that by reason of his conduct she believed that he had abandoned the divorce proceedings and did not intend to pursue them; that she had no notice of the hearing at which the decree was rendered; that had she known he would pursue the divorce she would have filed an answer and sought affirmative relief; that she was deprived of the opportunity of doing so by his fraud and misleading conduct; and that she has good and valid grounds for divorce against him and sufficient grounds to contest his right to a divorce.

After a hearing on June 8, 1972, the trial court overruled the motion for a new trial. The exception is to that judgment. *Held:*

1. *Code Ann.* § 30-101 provides: "Total divorces in proper cases may be granted by the superior court. Unless an issuable defense is filed as provided by law and a jury trial demanded in writing by either party on or before the call of the case for trial, the judge shall hear and determine all issues of law and fact in all petitions for divorce and permanent alimony, and other issues made in the pleadings." Ga. L. 1866, p. 21; 1880-81, p. 66; 1946, pp. 90, 91; 1956, p. 405; 1960, pp. 1023, 1024.

*Code Ann.* § 81A-105 provides in part: "Provided, however,

the failure of a party to file pleadings in an action shall be deemed to be a waiver by him of all notices, including notices of time and place of trial." Ga. L. 1966, pp. 609, 615; 1967, pp. 226, 229; *Newton v. Newton,* 226 Ga. 440 (175 SE2d 543).

It follows that the appellant was not entitled to notice of the trial since she had not filed defensive pleadings in the action.

2. The trial court did not err in overruling the motion for new trial on the ground of fraud. The affidavit of the appellant shows that the parties had continued to have sexual relations with each other at their respective apartments since the divorce suit was filed. The appellant does not assert that the appellee told her that he had abandoned the suit for divorce as was the case in *Haygood v. Haygood,* 190 Ga. 445 (9 SE2d 834, 130 ALR 87); *Dixon v. Dixon,* 211 Ga. 869 (89 SE2d 473); *Wetherington v. Wetherington,* 216 Ga. 325 (116 SE2d 234). The only fraud which the appellant asserts is that "By reason of plaintiff's conduct [having alleged sexual relations with her] defendant believed that plaintiff had abandoned these divorce proceedings and did not intend to pursue them." These assertions are not sufficient to prove fraud on the part of the appellee.

The complaint alleged that there had been bona fide separation of the parties caused by the cruel treatment of the defendant. Since default judgments are prohibited in divorce cases (*Code Ann.* § 30-113; Ga. L. 1895, p. 46; 1958, p. 315; 1967, pp. 226, 246), the complainant had to prove his allegation of a bona fide separation before the divorce could be granted. These allegations are in conflict with the affidavit of the appellant. "In these circumstances the credibility of the witnesses and the weight to be attached to the testimony introduced was a matter addressed solely to the discretion of the trial court in the exercise of a sound legal discretion; and since it appears that there was no abuse of discretion in this case, the judgment overruling the motion for new trial must be

affirmed." *Sumner v. Sumner,* 183 Ga. 400 (188 SE 515);
*Code* § 70-208.

It follows that the trial court did not err in overruling the
motion for new trial.

*Judgment affirmed. All the Justices concur, except Hawes,
J., who dissents.*

ARGUED SEPTEMBER 12, 1972—DECIDED OCTOBER 6, 1972.

*Daniel C. B. Levy, Charlie Franco,* for appellant.
*Eugene Cline, Marion W. Cornett,* for appellee.