28952. BRADBERRY v. BRADBERRY.

JORDAN, Justice.

This case was transmitted to this court by the Court of Appeals. The appeal arises from an order of the Gwinnett Superior Court dismissing a motion to set aside a divorce decree.

Appellee and appellant, formerly husband and wife, were divorced on August 28, 1973, in Gwinnett County. Within six months appellant filed a motion to set aside the decree pursuant to Code Ann. § 30-133, alleging that she was under duress when an agreement was executed. Rule nisi issued and a hearing was held at which appellant presented her evidence of duress. Appellee then made a motion to dismiss, which was granted by the court. *Held:*

1. Appellant contends that Code Ann. § 30-133 gives her a right to set aside a final judgment and decree of divorce simply by filing such motion within six months of the divorce; appellee argues that Code Ann. § 81-1003 applies, which validates judgments and verdicts rendered at the appearance term with the consent of the parties.

How this conflict may have been resolved prior to the adaptation of the Civil Practice Act is academic. The proper time for trial is now governed by Code Ann. § 81A-140 (a) (Ga. L. 1966, pp. 609, 653) which provides in pertinent part: "All civil cases, including divorce and other domestic relations cases, shall be triable any time after the last day upon which defensive pleadings were required to be filed therein." Since appellant was served with the complaint on July 24, 1973, the defensive pleadings were required to be filed by August 23, 1973. Code Ann. § 81A-112 (a) (Ga. L. 1966, pp. 609, 622). Therefore the decree of August 28, 1973 was not premature. See *Newton v. Newton,* 226 Ga. 440, 441 (175 SE2d 543) and cases cited therein.

2. Appellant contends that the evidence presented at the hearing was sufficient to sustain her motion to set aside, thereby reopening the case and permitting her a jury trial on the issue of duress. Motions are expressly governed by the Civil Practice Act (Code Ann. § 81A-181; Ga. L. 1968, pp. 1104, 1109, Sec. 12). Motions to set aside must comport with Code Ann. § 81A-160 (d) (Ga. L. 1966, pp. 609, 663). Since the evidence of duress was extrinsic to the record, and no non-amendable defect appeared on the face thereof, the motion to set aside was properly dismissed. *Miller v. Miller,* 230 Ga. 777 (194 SE2d 456).

3. Even if appellant's motion is considered as a complaint in equity under Code Ann. § 81A-160 (e) the

trial court did not err in view of the evidence presented at the hearing. See *Keith v. Keith,* 231 Ga. 230 (200 SE2d 891).

4. Since counsel have laid their arguments on Code Ann. §§ 30-133 and 81-1003, we feel it necessary to comment on the present status of these Code sections. The only effect of Code Ann. § 30-133 (Ga. L. 1935, p. 481) was to remove the want of jurisdiction in a trial had at first term without consent "and to fix a period of limitation within which a verdict prematurely rendered at such term, and erroneous for that reason, with any subsequent proceedings based thereon, may be attacked for such illegality; that is, for the error as to prematurity." *Milhollin v. Milhollin,* 214 Ga. 571 (106 SE2d 33); see also *Evans v. Evans,* 190 Ga. 364 (9 SE2d 254). In *Milhollin* the court held that despite the language of Code Ann. § 30-133, Code Ann. § 81-1003 authorized and validated verdicts and judgments rendered at the appearance term with the consent of the parties.

As stated above § 81A-140 now controls the time for trials. Section 81A-140 (a) clearly states that "Divorce . . . cases, shall be triable any time after the last day upon which defensive pleadings were required to be filed." Section 81A-140 (b) adds the proviso that there is no authority for conducting divorce trials sooner than the last day upon which defensive pleadings were to be filed, regardless of the consent of the parties. Furthermore, motions to set aside and the time limitations thereon are expressly covered by Code Ann. § 81A-160 (d) (f).

The purpose and scope of the Civil Practice Act was "to comprehensively and exhaustively revise, supersede, and modernize pretrial, trial and certain post-trial procedures in civil cases." Ga. L. 1966, p. 609. Code Ann. §§ 81A-140, 81A-160 now embrace all situations which § 30-133 was designed to meet. Consequently, § 30-133 no longer is viable, and is impliedly repealed by the Civil Practice Act. "While repeal by implication is not favored, a statute will be held to have repealed a prior statute where the latter is clearly inconsistent and contrary to the most recently enacted law or where the later enactment appears to cover the entire subject matter and give expression to the whole law on the

subject." *Nash v. National Preferred Life Ins. Co.*, 222 Ga. 14, 21 (148 SE2d 402).

We reach the same result as to § 81-1003, though by a somewhat different route. Code Ann. § 81A-201 (u) (Ga. L. 1967, Vol. 1, § 50, pp. 226, 249) provides for the specific repeal of § 81-1003 as amended by Acts approved 1935, 1946, 1956. Section 81-1003 was rewritten in 1958, and amended in 1960, 1962 and 1963. The repealer in § 81A-201 (u) makes no mention of these later enactments and amendments. However, the 1958 and subsequent enactments contained their own repealing clauses. Since § 81-1003, as amended thru 1956, was already repealed prior to the enactment of the Civil Practice Act, the repealer of § 81A-201 (u) is superfluous unless it is viewed as a repeal of § 81-1003 as amended thru 1963. Inasmuch as the procedure of § 81-1003 is in conflict with the procedure of § 81A-140, we are of the opinion that the legislative intent was to repeal Code Ann. § 81-1003 as amended thru 1963, and that Code Ann. § 81A-201 (u) does so repeal Code Ann. § 81-1003.

We note that the record contains a document entitled "Agreement to try at First Term." This agreement is unnecessary because under Code Ann. § 81A-140 (a) consent of the parties is inconsequential. See also Code Ann. § 81A-140 (b).

*Judgment affirmed. All the Justices concur.*

SUBMITTED JUNE 7, 1974 — DECIDED SEPTEMBER 3, 1974.

*Barber & Hooper, P. T. McCutchen, Jr.,* for appellant.
*Joseph E. Cheeley, Jr., Richard B. Chandler, Jr.,* for appellee.