## 29873. GIBSON v. GIBSON.

UNDERCOFLER, Presiding Justice.

Margaret Thompson Gibson filed a complaint for divorce against Wallace Miller Gibson on November 12, 1974. She prayed for a divorce, alimony, custody of their child, and child support. The petition was served by the sheriff on November 18, 1974. An interlocutory hearing was set for November 27, 1974, but the defendant was not present at the hearing. After the hearing, an order was entered requiring the defendant to make certain payments to the complainant.

The wife filed a citation for contempt for nonpayment of the alimony, etc., granted by the interlocutory order. On January 15 her attorney certified that the service of the citation for contempt was made by certified mail. The citation was filed in the clerk's office on January 17, 1975, and the hearing was scheduled for January 22, 1975. The husband was also served by the sheriff on January 20, 1975. The defendant was not present at this hearing and was held in contempt of court by a judgment dated

February 6, 1975, nunc pro tunc as of January 22, 1975.

The final divorce complaint was also heard on January 22, 1975, and an order signed February 6, 1975, nunc pro tunc as of January 22, 1975. This order was filed in the clerk's office on February 7, 1975, and granted the wife a divorce, alimony, custody of the child, and child support.

The defendant husband filed an answer to the divorce petition on January 23, 1975 (which was after the divorce hearing but before the judgment was formally entered).

The defendant husband appeals to this court. *Held:*

1. The appellant contends that the court erred in granting a divorce and alimony without notice to him and after he had filed an answer to the divorce petition.

The final hearing of the divorce petition was held on January 22, 1975. The trial court signed the order on February 6, 1975, nunc pro tunc as of January 22, 1975, and it was filed in the clerk's office on February 7, 1975. The answer of the appellant was filed on January 23, 1975, after the final hearing on the divorce petition.

2. In *Wallace v. Wallace,* 229 Ga. 607 (1) (193 SE2d 832) this court held that where a party had not filed defensive pleadings in a divorce action, he waived all notices, including notices of the time and place of trial under Code Ann. § 81A-105 (Ga. L. 1966, pp. 609, 615; 1967, pp. 226, 229; *Newton v. Newton,* 226 Ga. 440 (175 SE2d 543); *Harris v. Harris,* 228 Ga. 562 (187 SE2d 139); *Bradberry v. Bradberry,* 232 Ga. 651 (1) (208 SE2d 469)). The answer of the husband was filed after the final hearing on the divorce petition and was filed too late for him to be entitled to notice of the time of hearing.

This contention of the appellant is without merit.

3. The appellant contends that the trial court erred in finding him in contempt of court because he did not have five days' notice of the hearing as provided in Code Ann. § 81A-106 (d) (Ga. L. 1966, pp. 609, 617; 1967, pp. 226, 229, 230).

This contention is without merit. Code Ann. § 81A-106 (d) applies to written motions in a pending case and has no application here. A citation for contempt is an independent proceeding authorized under Code § 24-105;

*Mendel v. Mendel,* 202 Ga. 675 (1) (44 SE2d 257).

"The judges of any court of record may, on reasonable notice to the parties, at any time, either in term or vacation, and at chambers, in any county in the circuit, hear and determine by interlocutory or final judgment any matter or issue, where a jury trial is not required or has been waived. . ." Code Ann. § 81A-140 (b) (Ga. L. 1968, pp. 1104, 1108). The only question here is whether the appellant had reasonable notice prior to the hearing. We note that the appellant does not dispute the fact that he received notice of the hearing. However, he shows no effort to appear either in person or by counsel nor any effort to continue the matter to a later date. The answer filed in the divorce proceeding indicates that appellant did not answer nor appear in either the divorce hearing or the contempt hearing because he was too busy with his medical practice.

Under the particular facts of this case, we find the notice was reasonable and the judgment of the court is affirmed.

*Judgment affirmed. All the Justices concur.*

Submitted May 12, 1975 — Decided June 2, 1975.

*D. D. Veal,* for appellant.
*Sanders, Hester, Holley, Askin & Dye, Otis F. Askin,* for appellee.