## 34142. BROOKS v. BROOKS.

BOWLES, Justice.

Doris Kennedy Brooks filed a complaint for divorce on October 21, 1976, against Billy Joe Brooks on the ground that the marriage was irretrievably broken. The defendant was personally served but did not file any pleadings. On April 12, 1977, a final judgment and decree was entered which granted the plaintiff a divorce but reserved issues of child support, custody, alimony and attorney fees for future determination. On March 13, 1978, plaintiff's attorney sent via certified mail to the defendant notice of the date and time of trial. The defendant never received said notice although the post office attempted to deliver it on three separate occasions. Defendant's present wife had advised the defendant that there was certified mail for him but the defendant made no effort to claim the mail.

A trial on the issues previously reserved was held on March 29, 1978. The defendant did not appear. After hearing evidence, the court entered judgment granting the plaintiff custody of the minor child, child support in the amount of $350 per month, a lump sum alimony award of $10,000, and attorney fees.

On April 18, 1978, the defendant filed a motion to vacate the March 29, 1978 judgment, requesting a new trial on grounds that he had not received notice of trial. After a hearing, the trial court denied the defendant's motion. Defendant appeals. We affirm.

This court has several times held that where a defendant has failed to file pleadings in a divorce action, he waives all notices, including notice of the time and place of trial. Code Ann. § 81A-105 (a); *Gibson v. Gibson,* 234 Ga. 528 (2) (216 SE2d 824) (1975); *Mackey v. Mackey,*

232 Ga. 207 (205 SE2d 855) (1974); *Wallace v. Wallace,* 229 Ga. 607 (1) (193 SE2d 832) (1972).

The defendant was not entitled to *any* notice of the time and place of trial in the present case since he had failed to file defensive pleadings in the case. Although plaintiff attempted to notify defendant via certified mail of the time and place of trial such notice was unnecessary.

*Judgment affirmed. All the Justices concur.*

ARGUED OCTOBER 10, 1978 — DECIDED OCTOBER 25, 1978.

*Robert S. Windholz,* for appellant.
*E. C. Harvey,* for appellee.