H. & T. M. WHITE, plaintiffs in error, *vs.* THE NEWTON MANUFACTURING COMPANY, defendant in error.

1. When a motion for a new trial was made in the Court below, which was granted, and that decision is brought, by writ of error, to this Court, a brief of the oral, and a copy of the written evidence adduced in the Court below, must be embodied in the bill of exceptions, or attached thereto as an exhibit, when presented to the Judge for his certificate, and identified by his signature on the same as a true copy, and constitute a part of the same, or the writ of error will be dismissed.

2. In a motion for a new trial, a brief of the evidence agreed upon by the parties, and approved by the Court without such agreement, in case

they fail to agree, must be filed in the Clerk's office. But such brief of evidence constitutes no part of the record, and need not be recorded by the Clerk, and as it is embodied in the bill of exceptions, should not be embraced in the copy of the record sent up to this Court.

3. The record in a case in the Superior Court, consists of the declaration, process, return of service by the sheriff, and other official entries, plea, verdict, judgment, and all interlocutory orders passed by the Court during the pendency of the case, and in case of a motion for an order *nisi*, and an order granting or refusing a new trial, together with any order passed by the Court, setting it down for a hearing in vacation, or adjourning the hearing from time to time, and in case a new trial is granted, all subsequent orders passed by the Court, including the final judgment.

Motion to dismiss bill of exceptions.

The bill of exceptions recited that an action of assumpsit in favor of plaintiffs in error against defendant in error, was tried before Judge JAMES M. GREEN, in Newton Superior Court, resulted in a verdict in favor of plaintiffs in error, and they moved for a new trial; that after several postponements, by consent, and "after perfecting a brief of the testimony," and argument had, a new trial was granted upon the grounds, "1st. That the testimony of Clem. Johnson having been erroneously taken upon an important point, for the consideration of the jury, which might have controlled the finding of the jury. 2d. That the Court erred in allowing proof of the declarations of Davis, the agent, two years after the declarations were made as part of the *res gestæ* at a different time and occasion," and this grant of a new trial is assigned as error.

There is no other allusion to the testimony in the bill of exceptions. The motion for new trial was based on the allowance of certain sayings of said Davis as evidence, and various other grounds as to the admission and rejection of evidence, and because of a discovery that Johnson's testimony, by interrogatories, was incorrectly stated, by mistake; because the verdict was contrary to the evidence and charge of the Court, and because the Court erred in several charges, based on the evidence in the cause. The Clerk, with this motion, sent up a copy of what purports to be a brief of the

H. & T. M. White *vs.* The Newton Manufacturing Company.

evidence in said cause. It purports to contain a statement of the evidence alluded to in the motion. This paper ends as follows:

" We agree that the foregoing brief is full and correct, this ——— day of December, 1868, with the amendments ordered by the Court.

JOHN J. FLOYD, for defendant.
W. W. CLARK, C. PEEPLES, Attorneys.

Following this are two other pages sent up by the Clerk, beginning: " Hugh White testified also," etc., making other statements as to what was proved on the trial, and ending thus, " Ordered by the Court that the three sheets attached be added to the brief of evidence as part thereof.

JAMES W. GREEN, J. S. C., F. C."

Following this, in the order in which the Clerk sent up the papers, are copies of an affidavit by Johnson, stating that a mistake as to a material date was made by the commissioners who took his testimony, of an affidavit by the commissioners to the same effect and an affidavit by Phillips, the person mainly interested and conducting the defense, that he did not discover this mistake till after the trial. An order of the Court shows that the new trial was granted on the grounds stated in the bill of exceptions. The Clerk certified that what he sent up with the bill of exceptions contained " a true and correct transcript of the records and papers of file " in his office in said cause.

Counsel for defendant in error, moved to dismiss the bill of exceptions, because the evidence was not embodied in it. After argument counsel for plaintiff in error moved to amend the bill of exceptions by detaching the copy of the evidence from the record and attaching it to the bill of exceptions. This was not allowed. The bill of exceptions was then dismissed. Upon a subsequent day, by leave granted, counsel for plaintiff in error moved to reinstate the cause and again argued it. The Court refused to reinstate it.

VOL. XXXVIII—38.

JOHN J. FLOYD, HAMMOND & MYNATT, for the motion relied on *O. & A. Wetmore vs. Cheavers,* 9 *Ga. R.,* 546.

CLARK & PACE, PEEPLES & STEWART, *contra.*

BROWN, C. J.,

The rule of this Court from its organization has required that a brief of the oral and a copy of the written evidence adduced in the Court below, must be embodied in the bill of exceptions; and the most liberal construction which we can place upon this rule of Court is, that if not literally embodied in the bill of exceptions, it shall be attached thereto as an exhibit, when presented to the Judge for his approval and certificate, and be identified by his signature on the same, as a true copy. The better practice is to embody it *in* the bill of exceptions.

But we are asked why it will not serve the same purpose to tatach the copy of the evidence to the record, which is certified and sent up by the Clerk. Justice to the Circuit Judge and to the Judges of this Court alike require that it accompany the bill of exceptions as required by the rule. When the motion is made for a new trial; and the copy of the evidence is approved by the Judge, it is required by the rule of the Superior Courts to be *filed* in the Clerk's office. The Judge of the Superior Courts cannot be expected to recollect thirty days after the hearing of each motion, all the facts stated in the brief of the evidence so filed, in all the cases that may have come before him during the term. The bill of exceptions may be presented to him on the thirtieth day, in another part of the circuit, where he cannot have access to the evidence of file in the Clerk's office of the county where the case was tried. In determining the correctness of the bill of exceptions, on points which relate to the evidence, it may be absolutely essential that he have the evidence before him, to enable him to refresh his recollection by reference to it. If it is not attached to the bill of exceptions he is denied this right, which may be very essen-

tial to him and to the parties litigant, as in the absence of the evidence, he may, by mistake, sign and certify a bill of exceptions, which does not fairly present, for the decision of this Court, the points ruled in the Court below.

Again, justice to the Judges of this Court requires that each Judge who has to pass upon the case shall have a copy of the evidence in the case before him in his office, that he may be able to read the points in the bill of exceptions in connection with it. It may frequently happen that the Court is not unanimous in opinion in deciding on a motion for a new trial. The Judges reside in different parts of the State. The Judge who delivers the opinion of the majority of the Court is entitled to the record, which, under the practice sought to be established, would contain the evidence. But as a copy of it accompanies the bill of exceptions, neither the dissenting Judge nor the one who writes the concurring opinion has the evidence before him in writing out his opinion, when the very question may be upon the sufficiency of the evidence. It is clear, therefore, that the rule should require, that each Judge should be furnished with a copy of the whole evidence in the case. If the rule of law made it part of the record, and required it to be sent up with the record, it would be our duty to ourselves and to the parties to compel counsel to furnish each Judge with a copy of the record, as well as the bill of exceptions, before the case is heard in this Court. This is required in the Supreme Court of the United States, though the copies of the record are printed at the expense of the government. But the briefs of counsel, which are also required to be printed, are furnished at the expense of the parties. The only objection to the rule we lay down is, that it costs the attorney bringing up the case a little more labor to copy the evidence with the bill of exceptions, in preparing copies for the Judges and the Reporter, as required by the rule of the Court. This we regret, but the ends of justice require it, and the labor is not so great as it would be if the rule insisted upon were adopted, as we should then be compelled to require that he also make out a copy of the record for each member of the Court. This would be much more

convenient for the Judges but is not indispensable, so long as the bill of exceptions contains a copy of the evidence in the Court below.

There is still another good reason for the rule. Our daily observation is that the Clerks of the Superior Courts, are frequently too careless in copying the record, and admitted inaccuracies are frequently found in it by the counsel themselves. The same may be true in copying the evidence to send up with the record. As all know, the change or omission of a single word, may change the whole meaning, and cause us to pronounce a judgment different from the one which would be rendered if the evidence were before us as it was before the Court below. How important it is then that the copy of the evidence as it is to come before us, should undergo the examination and strict scrutiny of the Judge of the Court below, when he signs the bill of exceptions.

2. But it was insisted by the learned counsel for the plaintiff in error, that the brief of the evidence, as approved by the Court in a motion for a new trial, should be recorded by the Clerk as part of the record, and, as it properly comes up as part of the record it need, not be embodied in the bill of exceptions. And our attention is called to the Act of 1856, which makes it unnecessary to copy into the bill of exceptions any part of the record.

We do not agree with the counsel that it is any part of the record. The rule of the Superior Court as already stated requires that it be *filed* in the Clerk's office, but not that it be recorded. We think such a practice would be a very inconvenient and a very unnecessary one. There may be twenty sets of interrogatories in a case, and as many witnesses sworn on the trial. A motion is made for a new trial, and the rule requires that a copy of all the written evidence, the interrogatories included, with a brief of the oral, be filed in the Clerk's office. We see a good reason for this rule. Indeed it is indispensably necessary. But what possible reason exists why all this large mass of evidence should cumber the record in the case? Why should the Clerk enter it upon the minutes, with the order *nisi*, for a new trial? As

H. & T. M. White vs. The Newton Manufacturing Company.

an illustation : By reference to the record in this case now before me, I see the copy of the evidence occupies sixty-nine pages. Can there be a good reason why the parties should be taxed with the cost of placing all this evidence, which is of file in the proper office, upon the record, or why it should constitute part of it ?

3. We are referred to the 5th paragraph of section 256 of the Code, which makes it the duty of the Clerk of the Superior Court to record all the proceedings relating to the suit. This we think does not embrace the evidence given in on the trial. If so, it would be necessary for the Clerk in all cases to take down the oral evidence on the trial, and record it as part of the proceedings. The proceedings which the Clerk should record, and which make up the record, are, the declaration, process, return of service by the sheriff, and other official entries, the plea, verdict, judgment, and all interlocutory orders passed by the Court during the pendency of the case; and in case of a motion for a new trial after verdict, the order *nisi*, together with any order passed by the Court, setting it down for a hearing in vacation, or adjourning the hearing from time to time ; and in case the new trial is granted, all subsequent orders passed by the Court, including the final judgment.

A motion was made to amend the bill of exceptions by taking from the record the copy of the evidence and annexing it to the bill of exceptions. The law authorizes the bill of exceptions to be amended in the Supreme Court, so as to conform to the record. It is a motion to take from the record a copy of what purports to be the evidence in the cause, and which constitutes no part of the record, and annex it to the bill of exceptions, so as to perfect it without the sanction of the Judge below, or anything from him showing that the evidence is properly copied, or that the bill of exceptions, with the copy of the evidence proposed to be annexed, is in fact true.

We would remark, in conclusion, that as the evidence forms part of the bill of exceptions, and comes up with it, the Clerk should not annex a copy of it to the copy record sent up by him. Let the case be dismissed.