## PULLIAM *vs.* DILLARD *et al.*

1. A motion to set aside a judgment, like a motion to arrest it, must be based on some defect apparent on the face of the record. The two differ only in respect to the term at which each must be severally made.
2. Entries on the bench docket of the superior court are no part of the record.

November 20, 1883.

Practice in Superior Court. Record. Judgment. Before W. K. Moore, Esq., Judge *pro hac vice.* Gordon Superior Court. February Term, 1883.

Reported in the decision.

Jos. McConnell; R. J. McCamy, for plaintiff in error.

T. C. Milner; McCutchen & Shumate, for defendants.

Jackson, Chief Justice

This was a motion in the court below to set aside a judgment on the ground that the defendant was discharged in bankruptcy from the debts provable therein, and the debt on which this judgment was founded was provable in bankruptcy.

It appears that suit was brought on this debt prior to the defendant's adjudication as a bankrupt, and that the suit proceeded to judgment without any plea of the pendency of the proceeding in bankruptcy, of defendant's application for discharge, or of the adjudication or any other record or minute evidence thereof. On the bench docket there was some suggestion of the fact, but no entry on the minutes or elsewhere of record.

1. A motion to set aside a judgment, like a motion to arrest it, must be based on some defect apparent on the face of the record. The two motions differ only in respect to the term in which each must be severally made. Code, §3587, 3588.

2. Entries on bench docket are no part of the record. 1 *Ga.*, 355; 4 *Ib.*, 159; 11 *Ib.*, 330; 38 *Ib.*, 587.

It follows that, no defect in the judgment appearing on the face of the record, the judgment should not have been set aside. *Steadman vs. Lee*, 61 *Ga.*, 58.

Judgment reversed.