### FIDELITY AND CASUALTY CO. *vs.* SAMUEL W. CUTTS.

### Kennebec.    Opinion March 26, 1901.

*Pleading.    Negligence.*

1.  Actionable negligence may spring from the careless performance of a legal duty, or from a total neglect and disregard of such duty ; but it can never be consistently predicated of a purely accidental occurrence.

2.  In the discussion of questions of liability for negligence, the term "pure accident" or "simple accident" is uniformly employed to indicate the absence of any legal liability.

3.  It is alleged in the plaintiff's writ and argued by counsel that the plate glass for which the plaintiff sought to hold the defendant liable, was broken and destroyed by reason of the negligence of the defendant while engaged in making some repairs for the owners of the store. But the case comes to the court upon an agreed statement of facts, in which it is stipulated "that the breaking of said glass was purely accidental and not intentional."

4. *Held ;* that there is no specification of the facts and circumstances con-
nected with the breaking of the glass, upon which the charge of negligence
against the defendant is founded, and there is no evidence in the case tending
to show negligence on the part of the defendant.

Agreed statement.    Judgment for defendant.

Action on the case for negligence of the defendant in breaking
a pane of plate glass in the store window of G. S. & G. L Rogers,
city of Gardiner, who upon receiving the insurance on same assign-
ed their claim to the plaintiff.   The case was reported to the law
court by the presiding justice of the Superior Court, for Kennebec
County, upon an agreed statement.

*O. B. Clason,* for plaintiff.

*A. M. Spear,* for defendant.

SITTING: WISWELL, C. J., EMERY, WHITEHOUSE, STROUT,
FOGLER, JJ.

WHITEHOUSE, J.   The plaintiff company seeks to recover of
the defendant the amount paid by it in discharge of its obligation
under a policy of insurance on a large pane of plate glass in a store
window in Gardiner.   It is alleged in the plaintiff's writ, and ar-
gued by counsel that the glass was broken and destroyed by reason
of the negligence of the defendant while engaged in making some
repairs for the owners of the store.   The case comes to this court,
however, on the following agreed statement of facts:

"It is agreed that G. S. &. G. L. Rogers owned the glass insured
in the plaintiff company.

"That the glass was insured for a premium fully paid, before
the breaking, by said G. S. &. G. L. Rogers to said plaintiff com-
pany.

"That the breaking of said glass was purely accidental and not
intentional.

"That the payment in full of the amount of insurance on said
glass was made to G. S. & G. L. Rogers on the 22nd day of Jan-
uary, 1897.

"That on the 29th day of May, 1897, without any other consid-

eration than the insurance paid on January 22nd, as above stated, G. S. & G. L. Rogers executed the assignment attached to the writ.

"Upon the foregoing agreed statement of facts the court is to render such decision as the law and facts require."

It will be seen that this statement contains no specification whatever of any facts or circumstances connected with the breaking of the glass upon which the charge of negligence against the defendant is founded. It simply alleges that the breaking of the glass was "purely accidental and not intentional."

It may be inferred from this statement that, while the defendant was engaged in making the repairs in question, the relation of master and servant existed between him and the owners of the store. In that relation, it was the duty of the defendant to perform the service for his employers in a reasonably and ordinarily careful and prudent manner, giving such thoughtful attention to his work as the particular exigencies seemed to require. But, to render the defendant liable for negligence, it was incumbent upon the plaintiff to show that he either performed some act which ordinarily careful and prudent persons in the same relation would not have done, or omitted some duty which ordinarily prudent and careful persons would have performed under like circumstances.

But, in the discussion of questions of liability for negligence, the term "pure accident" or "simple accident" is uniformly employed, in contradistinction to "culpable negligence," to indicate the absence of any legal liability. A "purely accidental" occurrence may cause damage without legal fault on the part of any one. *Conway* v. v. *Horse Railroad Co.*, 90 Maine, 205. "Simple accidents have not yet been eliminated from the facts of human experience." *Conley* v. *American Express* Co., 87 Maine, 352. "Pure accidents will always continue among the inexplicable factors in the problem of life." *Cunningham* v. *The Bath Iron Works*, 92 Maine, 501. "If the plaintiff received an injury as the result of an accident solely, and the defendants were without fault, the action is not maintainable." *Nason* v. *West*, 78 Maine, 257.

Thus, actionable negligence may spring from the careless per-

formance of a legal duty, or from a total neglect and disregard of such duty; but it can never be consistently predicated of a "purely accidental" occurrence.

Upon the agreed statement of the parties, and in the entire absence of any evidence of negligence on the part of the defendant, the entry must be,

*Judgment for the defendant.*