## 9301.    WATTS v. JACKSON.

The fact that a defendant whose case had been set for trial on a certain
day was not then present in court in person or by counsel, because the
case had been incorrectly stated in a newspaper in which the court
calendar was printed, is not a sufficient reason for setting aside the
judgment, when it does not appear that the plaintiff was in any way
responsible for the publication of the incorrect statement.

DECIDED MARCH 13, 1918.

Certiorari; from Fulton superior court—Judge Bell.    October
5, 1917.

*Neufville & Neufville,* for plaintiff in error.

*Roy Lewis,* contra.

HARWELL, J.   Watts filed a motion to set aside a judgment ren-
dered against him in the municipal court of Atlanta at the term
preceding that at which his motion was filed, upon the grounds,
that the case against him had been incorrectly stated in the calen-
dar published in the Fulton County Daily Report newspaper, and
for that reason his counsel was not present when the judgment was
rendered against him; that he had a meritorious defense, etc.   It
was agreed that the case was published in the newspaper as P. P.
Jackson vs. C. R. White.   The petition for certiorari further
states that it was agreed that Frank Neufville, one of the attorneys
for Watts, was present when the case was called and heard his
name called as counsel for the defense, and heard the statement
of the chief judge of the municipal court that the said case went
down for trial on the date on which the judgment was rendered.
The answer of the judge of the municipal court to the petition for
certiorari, says: "The allegations as to the evidence set forth in
said petition are true and correct, with the exceptions as to the
agreement of counsel, which is true with the exception that Mr.
Frank Neufville was in court and heard the case sounded and his
name called for the defendant in the case."   The trial judge over-
ruled the demurrer filed by Jackson, sustained the motion, and set
aside the judgment.   The case was carried by Jackson to the supe-
rior court by certiorari; the superior-court judge sustained the
certiorari and rendered final judgment for Jackson, the plaintiff
in the original suit, and Watts excepted.

Under the facts thus appearing, the judge of the superior court
did not err in sustaining the certiorari and in rendering final judg-

ment in favor of Jackson. *Kellam* v. *Todd,* 114 *Ga.* 981-83 (41 S. E. 39) ; *Gillespie* v. *Farkas,* 19 *Ga. App.* 158 (91 S. E. 244). Judgment affirmed. *Broyles, P. J., and Bloodworth, J., concur.*