39630.   BURTON v. GILDER.

DECIDED SEPTEMBER 5, 1962.

*Ed C. Bouvette, Paul T. O'Connor, Kelley Quillian,* for plaintiff in error.

*W. Harvey Armistead,* contra.

JORDAN, Judge. As stated by this court in the recent case of *Stamps Tire Co. v. Powers,* 104 Ga. App. 860 (123 SE2d 203), the failure of the defendant's counsel to appear in court upon the trial of a suit against the defendant where such absence is not induced by any acts or conduct of the plaintiff or the court, is unmixed with any sort of providential cause, and is

without the leave of the court, constitutes no legal reason for setting aside a jury verdict and judgment in such suit.

Where as in the instant case, however, the defendant's motion is predicated upon an error in the preparation and publication of the official court calendar, as required by law (Ga. L. 1960, pp. 2167, 2168), which error results in the omission of the name of the defendant's counsel from said published calendar, and the substitution of the name of another attorney in lieu thereof, it cannot be said that said motion is without sufficient legal reason to authorize the trial judge to set aside a jury verdict and judgment. See *Perry v. Maryland Cas. Co.*, 102 Ga. App. 475 (116 SE2d 620), in which it was held that the construction placed upon its own rules by a court of original jurisdiction is conclusive where it does not clearly appear that such construction is wrong and that an injustice has been done. The trial court in the present case held that the parties appearing in said court and their counsel had the right to rely on the official publication of the court calendar as being correct, and found that the non-appearance of the defendant and counsel in this case was induced by an error in said publication. This appears to be a reasonable conclusion and a fair construction of the statute requiring publication of the calendar, and is not in conflict with the decision of this court in *Watts v. Jackson*, 22 Ga. App. 31 (95 SE 324) (in which it was held that the trial court did not err in holding that the failure of the defendant to appear, personally or by counsel, in court on the call of the trial of his case because the case had been incorrectly stated in a newspaper in which the court calendar was printed, was not sufficient reason to set aside the verdict of the jury and judgment entered thereon) for the reason that in the *Watts* case there was no showing that the publication of the court calendar was an official one, required by law.

The trial court did not err therefore in overruling the plaintiff's demurrer to the defendant's motion and in sustaining said motion to set aside said verdict and judgment.

*Judgment affirmed. Nichols, P. J., and Frankum, J., concur.*