### 26794. SMITH v. SMITH.

ALMAND, Chief Justice. This appeal is from an order denying a motion to set aside a final divorce decree.

Sharon S. Smith, in June 1970, filed her complaint against Roger S. Smith, Sr., in which she sought a total divorce,

alimony for herself and minor children, and other relief.

The defendant filed his answer and his demand for a jury trial.

After a hearing on the rule nisi for temporary alimony and custody of the minor children, the court, on August 21, 1970, awarded the children to the plaintiff and temporary alimony for her support and support of the children.

On November 24, 1970, the defendant filed his counterclaim for a divorce and the custody of the children and the attorney for the plaintiff was served with a copy of the counterclaim and the rule nisi.

To this counterclaim the plaintiff filed an answer and prayed for additional relief and a rule nisi issued requiring the defendant to show cause on December 21, 1970, why her prayers for equitable relief should not be granted. On this hearing the custody of the three children was awarded to the plaintiff. No alimony was awarded, but a specified sum was awarded for the monthly support of the children.

On March 31, 1971, the defendant filed his motion for an immediate hearing on the matters at issue in the divorce case. The court issued a rule nisi, ordered a hearing on the divorce case and required the plaintiff to show cause on April 6, 1971. The record contains the order of the court dated April 7, 1971, which recites that plaintiff's counsel, after receiving notice of the hearing, notified the plaintiff of the hearing over the telephone by reading the motion to her, and her counsel notified her, and the court, that he was withdrawing from the case.

On April 7, 1971, the court entered a final decree granting a total divorce between the parties and awarding the custody of the children to the defendant. The decree recites that defendant's motion to remove his request for a jury trial was made.

On May 3, 1971, plaintiff filed a motion to set aside or vacate the decree of April 7, on the grounds that (a) she was deprived of her right to a jury trial, (b) she was without adequate funds to journey from Utah to DeKalb

County at the time set for a hearing on April 7, (c) she went to Utah due to her financial plight, and (d) that she acted in good faith.

After a hearing of the motion to set aside, on July 6, 1971, it was denied.

The appeal is from this order.

The enumeration of errors asserts that (a) the court erred in allowing the defendant to waive a jury trial, (b) the court erred in granting a divorce without the intervention of a jury after the defendant had demanded a jury trial, and (c) it erred in overruling plaintiff's motion to set aside the divorce decree.

Section 60 of the 1966 Civil Practice Act provides: "A motion to set aside must be predicated upon some non-amendable defect which does appear upon the face of the record or pleadings." *Code Ann.* § 81A-160 (d).

*Code Ann.* § 30-101 provides that unless an issuable defense is filed in a divorce proceeding and a jury trial demanded in writing, the judge shall determine all issues of law and fact.

There is no provision of law that notice of the withdrawal of a jury demand must be in writing as notice to the opposite party. Even if it be conceded that an oral withdrawal of a demand was insufficient to waive a jury trial, such was an amendable fact. See *Newton v. Newton,* 226 Ga. 440 (175 SE2d 543) and *Hicks v. Hicks,* 226 Ga. 798 (177 SE2d 690).

The basis of the plaintiff's motion to set aside the decree does not bring it within the orbit of *Code Ann.* § 81A-160 (d).

It was not error to overrule the motion to set aside the divorce decree.

*Judgment affirmed. All the Justices concur.*
ARGUED OCTOBER 13, 1971—DECIDED NOVEMBER 5, 1971.

*William R. Hurst,* for appellant.
*Parker, Parker & Rary, Charlie Parker, Lewis M. Groover, Jr.,* for appellee.