28016. MILLER v. MILLER.

ARGUED JUNE 11, 1973 — DECIDED JULY 2, 1973.

*J. H. Highsmith, Peyton Miles, Walters & Davis, J. Harvey Davis, W. Emory Walters,* for appellant.
*Wright & Faircloth, G. Mallon Faircloth,* for appellee.

MOBLEY, Chief Justice. This appeal is from a judgment setting aside a judgment and decree of divorce and alimony.

The action was commenced by Herbert A. Miller filing a motion to set aside the judgment and decree rendered on October 30, 1967, in Appling Superior Court, granting a divorce to Doris D. Miller and awarding to her property of Herbert A. Miller in Appling County as alimony. The motion to set aside was styled with the same number, and the same plaintiff and defendant, as the divorce action, except that Doris D. Miller's name was followed by the parenthetic notation that she is now deceased, but represented by John T. Douglas, the personal representative of her estate.

The motion asserted that the divorce decree should be

set aside because Doris D. Miller presented her unfiled divorce petition to a Superior Court Judge of Appling County, who signed an order for service by publication four days prior to the filing of the petition, and no order for service by publication was filed thereafter, all of which appears of record.

The motion to set aside was heard by the trial judge. In his judgment he held that the order for service by publication was not defective because signed by the judge four days prior to the filing of the petition, since the petition prayed for extraordinary relief and under the practice at that time the petition had to be sanctioned by the trial judge prior to its filing.

After making this ruling, the trial judge held that the law applicable in April, 1967 concerning notice to a nonresident (Ga. L. 1946, pp. 761, 772) was not complied with because it appeared from the testimony of a witness at the hearing, an attorney who represented Doris D. Miller in the divorce action, that he filed the sheet of the newspaper containing the notice of the order for service by publication, and not the entire newspaper, with the clerk, and that he addressed the envelope to Herbert A. Miller which the clerk used in mailing the notice. The judge then held that the court in the divorce action did not have jurisdiction of Herbert A. Miller because of the failure to perfect service on him, and ordered that the judgment and decree of divorce and alimony be set aside.

"A motion to set aside must be predicated upon some nonamendable defect which does appear upon the face of the record or pleadings." Code Ann. § 81A-160 (d) (Ga. L. 1966, pp. 609, 662; Ga. L. 1967, pp. 226, 239, 240).

The matters on which the trial judge set aside the divorce decree were developed by the evidence, and did not appear upon the face of the record or pleadings. Such matters are not within the orbit of Code Ann. § 81A-160 (d), and the trial judge erred in setting aside the decree. *Smith v. Smith*, 228 Ga. 311, 313 (185 SE2d 78).

While the trial judge recited in his order that "counsel for all parties stipulated and agreed that issues of fact and law were involved, and that the court, without the intervention of a jury, could hear and determine all such issues," this did not convert the motion to set aside the divorce decree into a complaint in equity under Code Ann. § 81A-160 (e) (Ga. L. 1966, pp. 609, 662; Ga. L. 1967, pp. 226, 239, 240).

*Judgment reversed. All the Justices concur.*