50114. BITUMINOUS CASUALTY CORPORATION v. J. B. FORREST & SONS, INC. et al.

MARSHALL, Judge.

The issue presented by this appeal is whether there is any evidence to support the findings of the trial court that the insured gave timely notice of the accident and forwarded suit papers to the insurer in compliance with the terms of the insurance policy.

The first appearance of this case, *Bituminous Cas. Corp v. J. B. Forrest & Sons,* 132 Ga. App. 714 (209 SE2d 6), resulted in remanding the case to the trial court, sitting without a jury, to make additional findings. Additional findings were made, pertinent parts of which are summarized as follows: The insured first became aware of the accident (which occurred on February 23, 1973) on June 18, 1973, when he received a letter from the injured party's attorney; that the insured turned this letter over to the insurer's local agent on June 22nd and in so doing gave notice of the accident to the insurer "as soon as practicable" in sufficient compliance with this provision of the policy. That the insurer received suit papers (filed against insured on August 21, 1973) on January 11, 1974; that receipt on that date was timely in that the delay "was due to the stay in bankruptcy granted as a result

of bankruptcy filed on August 22, 1973; such bankruptcy stay prohibited any further action on the case, and the status of the law suit remained the same as of August 22, 1973; such receipt by [the insurer] on January 11, 1974, of suit papers was timely under the policy and the delay in giving the suit papers to [the insurer] was justifiable because of the bankruptcy stay insofar as [the insured] is concerned."

Appellant now contends that these findings are unsupported by the evidence. *Held:*

We agree. We need not consider the issue of whether the insured complied with the notice of the accident provision of the policy since we find noncompliance by the insured in failing to timely forward the suit papers. One purpose in remanding the case on its prior appearance was to determine upon what circumstance or excuse the trial court based its conclusion that the insured had complied with the forwarding provision of the policy. A delay of 143 days cannot be said to be "immediate" without a showing by the insured that the delay was reasonable under the circumstances. The only circumstance indicated by the above findings that the delay was justified was that the suit had been stayed because of the bankruptcy of the insured. We fail to see in what way the bankruptcy of the insured or the fact that the suit against the insured had been stayed prevented the insured, or his attorney as his agent, from forwarding the suit papers to the insurer.

As we stated previously, whether or not the insurer has been harmed or prejudiced by the insured's delay is irrelevant under the facts of this case. *Bituminous Cas. Corp. v. J. B. Forrest & Sons,* 132 Ga. App. 714 (3), supra; *Wolverine Ins. Co. v. Sorrough,* 122 Ga. App. 556 (177 SE2d 819).

This is not a case where the delay is justified by lack of knowledge by insured. *Hulme v. Mutual Benefit &c. Assn.,* 60 Ga. App. 65 (2 SE2d 750); *Pilgrim Health &c. Co. v. Chism,* 49 Ga. App. 121 (3) (174 SE 212). Nor has the insured suffered some incapacitating injury that would have prevented his forwarding the suit papers. See *Carruth v. Aetna Life Ins. Co.,* 157 Ga. 608 (2a) (122 SE 226); and *United Benevolent Society of America v.*

*Freeman,* 111 Ga. 355 (36 SE 764). Nor is there any evidence of waiver by the conduct of the insurer (*Cooper v. Glens Falls Indemnity Co.,* 93 Ga. App. 127 (91 SE2d 120)), and waiver is not made a finding of fact.

The question of whether the excuse for delay is sufficient to restore timeliness is usually a question of fact. *Norfolk &c. Ins. Co. v. Cumbaa,* 128 Ga. App. 196 (2) (196 SE2d 167). However, when the facts are not in dispute and only one conclusion may reasonably be drawn therefrom, as here, the question may be decided as a matter of law. Lennon v. American Farmers Mut. Ins. Co., 208 Md. 424 (118 A2d 500); Unverzagt v. Prestera, 339 Pa. 141 (13 A2d 46). See e.g. *Edwards v. Fidelity &c. Co.,* 129 Ga. App. 306 (1) (199 SE2d 570); *Akers & Sons v. St. Louis Fire &c. Co.,* 120 Ga. App. 800, 804 (3) (172 SE2d 355); and *North American &c. Co. v. Watson,* 6 Ga. App. 193 (64 SE 693).

We conclude that the insured's obligation under the insurance policy to forward the suit papers existed independently of his bankruptcy proceedings and that the stay of the suit did not amount to circumstances that would excuse the insured or his agent from performance of this obligation.

*Judgment reversed. Bell, C. J., and Webb, J., concur.*

ARGUED JANUARY 7, 1975 — DECIDED FEBRUARY 5, 1975.

*Grogan, Jones & Layfield, Milton Jones,* for appellant.

*L. B. Kent,* for appellees.