## 50972. FERRELL v. HAAS et al.

MARSHALL, Judge.

This appeal is taken from the grant of appellee's motion for summary judgment against appellant's counterclaim for damages.

Appellant Ferrell was sued by one Miles for breach of contract. Through an unfortunate lack of communication between Ferrell and the Clerk of Court of DeKalb County and Ferrell's failure to understand the importance of a prompt reply, Ferrell did not immediately seek legal advice. As a result, a default judgment was entered against Ferrell. He then retained the firm of Haas, Holland, Levison, and Gibert, appellee herein, to enter a defense. Schwind, an associate with appellee law firm, moved unsuccessfully to reopen the default judgment, but obtained a jury trial to set damages. Through error on the part of the Clerk of Court's office of the Superior Court of DeKalb County, Schwind was informed that the trial to set damages would be held sometime in November, 1973. The published calendar for that term of court, however indicated the case was set for trial on September 4, 1973, and reflected that Ferrell would appear without counsel. The case was held, in fact on September 4, 1973, and

neither Ferrell nor any member of the appellee law firm made an appearance. A default judgment on the contract was entered against Ferrell in an amount of $27,465.90.

The first knowledge either Ferrell or Schwind had of this judgment was the filing of liens against Ferrell's bank account and home. Schwind investigated the failure of appearance and detected the error of the clerk of the court. That office conceded it knew Schwind was representing Ferrell. Further, it was the accepted practice of the Superior Court of DeKalb County to have counsel refer to and rely upon the published calendar as being correct. Because of the large volume of cases, it was common practice for attorneys to look for firm names or the names of the counsel representing clients rather than looking for a client's name. These facts were incorporated into a motion to set aside the monetary default judgment on damages. Before the court acted upon the motion, negotiations were undertaken with Miles and his attorney and the damages settled with Ferrell's consent.

After the original lawsuit was concluded, Ferrell refused to pay the sum demanded by appellee as attorney fees in the "Miles" suit. Appellee firm then brought an action to recover its demanded fees in the amount of $1,618.35. Ferrell denied liability and filed a counterclaim in the amount of $57,465.90, constituting damages allegedly suffered by Ferrell as a result of Schwind's alleged negligent failure properly to surveil the trial court's calendar so as to answer Ferrell's case in September, thereby avoiding the resulting default judgment.

Appellee filed a motion for summary judgment as to appellant's counterclaim setting forth substantially the same facts as were presented in Schwind's motion to reopen the monetary default judgment just prior to settlement of the "Miles" lawsuit. By quirk of coincidence, when appellee's motion for summary judgment to appellant's counterclaim was placed on the calendar, through inadvertence, appellant's present attorney, Mr. Ricciuti, was not informed and did not appear. As a result, summary judgment for the appellee on the counterclaim was entered. Appellant's attorney, Mr. Ricciuti, successfully moved to set aside the grant of summary

judgment on the ground he was not aware of the hearing date. Thereafter, with both parties present, the trial court reconsidered the motion for summary judgment. Based upon the evidence submitted, the trial court found no evidence of negligence on the part of Schwind and granted appellee's motion for summary judgment as to appellant's counterclaim. Appellant brings this appeal enumerating as error the trial court's action in sustaining appellee's motion for summary judgment on appellant's counterclaim and the dismissal of that counterclaim. *Held:*

Appellant contends that when Schwind, acting for appellee on behalf of appellant, failed to appear for the trial of damages on September 4, 1973, with a resultant judgment for money damages, appellee thereby breached its legal duty to keep itself informed as to the progress of the case of a client who had sought and retained their legal services. He characterizes this breach of duty as being caused by appellee's negligence in merely relying upon the official newspaper of DeKalb Superior Court (which failed to list appellee as counsel on appellant's case) in lieu of keeping ". . . themselves informed as to the progress of the cases so that they may take whatever actions may be necessary to protect the interests of their clients." *Bragg v. Bragg,* 225 Ga. 494, 496 (170 SE2d 29).

Appellant's position involves several legal definitions. He speaks in terms of "legal duty," "negligence," and inferentially "actionable negligence." Each of the terms is defined appropriately in Black's Law Dictionary, Revised Fourth Edition (1968). At page 1039 thereof, the term "legal duty" is defined as: "An obligation arising from contract of the parties or the operation of the law." At page 268, the term "careless" is defined in the following descriptive terminology: Careless is "[s]ynonymous with 'negligent,' the latter being probably the better word in pleadings. Delmore v. Kansas City Hardwood Flooring Co., 90 Kan. 29, 133 P. 151." "Negligence" is defined at page 1184 as: "The omission to do something which a reasonable man, guided by those ordinary considerations which ordinarily regulate human affairs, would do . . ." Finally, at page 51, the term "actionable negligence" is defined as: "The breach or

nonperformance of a legal duty, through neglect or carelessness, resulting in damage or injury to another. Fidelity & Casualty Co. v. Cutts, 95 Me. 162, 49 Atl. 673."

In order to recover for damages incurred, appellant in substance would have to show that appellee had a legal duty to appear in court to represent appellant on September 4, 1973; that appellee breached this legal duty, through carelessness or neglect by relying on the official court newspaper rather than taking other more positive steps to inform itself of the progress of appellant's case; that this neglect amounted to failure to do that which other reasonable lawyers, guided by those considerations which ordinarily regulate legal affairs, would have done; and that the breach of this legal duty resulted in damages to appellant.

Appellant has failed to carry his burden in several ways. The evidence presented to the trial judge affirmatively established that the failure of notification to appellee of the hearing of appellant's case was due to a mistake of the court itself in listing appellant's case as "no atty." The prevailing rules of procedure, Local Rule 7 (4) of the DeKalb Superior Court at the time provided in pertinent part, "Hereafter or until further order, counsel and parties in cases may rely upon announcements made from week to week in the official organ of DeKalb County or such other publication as may be designated by the court, subject to such additional and supplementary communication from the court revising the schedule from time to time." Furthermore, the Superior Court of DeKalb County itself has construed the above quoted rule "to mean that counsel for the various parties having cases pending in the Superior Court of DeKalb County have the right to rely upon the published calendar as being correct." While we do not seek to repose the ultimate "reasonable man" in appellant's attorney, Mr. Ricciuti, we note that he, too chose to rely upon the official gazette of DeKalb County, thereby suffering a nonappearance to appellant's temporary detriment in the form of a default judgment.

In Burton v. Gilder, 106 Ga. App. 494, 496 (127 SE2d 328), this court held: "Whereas in the instant case, however, the defendant's motion is predicated upon an

error in the preparation and publication of the official court calendar, as required by law (Ga. L. 1960, pp. 2167, 2168), which error results in the omission of the name of the defendant's counsel from said published calendar, and the substitution of the name of another attorney in lieu thereof, it cannot be said that said motion is without sufficient legal reason to authorize the trial judge to set aside a jury verdict and judgment."

The above stated legal principles lend support to the following conclusions. A legal duty effectively to represent the appellant was created and imposed upon appellee when Ferrell retained the appellee firm to represent him in the "Miles" case. However, considering the rationale of the case of *Burton v. Gilder,* supra, we agree with that portion of the trial court's order wherein it stated: "Where it appears that counsel's failure to appear is predicated upon an error in the preparation and publication of the official court calendar, which error results in the omission of the name of counsel from the published calendar, and where there is no dispute of fact in connection with same, this court is compelled to find that there is no issue of legal negligence to be submitted to a jury."

In substance, the trial court found that the legal duty to represent appellant on September 4, 1973, had not been breached because counsel's failure to act was caused by the error of the court and not through any negligence of retained counsel. It is clear that there is no actionable negligence in the absence of the breach of some legal duty. *Montega Corp. v. Grooms,* 128 Ga. App. 333 (196 SE2d 459). Further, the trial court's reliance on its own error as excusing appellee from its court-induced lapse of representation of appellant on September 4, 1973, is not founded. Persons performing professional and skilled services must exercise that reasonable degree of care, skill, and ability ordinarily employed by members of the profession. *Covil v. Robert & Co. Associates,* 112 Ga. App. 163 (144 SE2d 450). The evidence is undisputed that the local rules of court authorized attorneys to rely on the official newspaper of DeKalb Superior Court to determine trial dates, that the court itself so construed the rule, and that as a matter of common practice, members of the

profession did, in fact, rely on that mode of publication of the calendar.

We agree with the trial court that there was no issue of legal negligence to be submitted to the jury. There was no error therefore in sustaining appellee's motion for summary judgment to appellant's counterclaim nor in the dismissal of that counterclaim.

*Judgment affirmed. Bell, C. J., and Webb, J., concur.*

ARGUED SEPTEMBER 15, 1975 — DECIDED OCTOBER 22, 1975.

*Louis F. Ricciuti,* for appellant.

*Nall, Miller & Cadenhead, A. Paul Cadenhead,* for appellees.