### 53883. GREEN v. HALL.

QUILLIAN, Presiding Judge.

In *Burton v. Gilder,* 106 Ga. App. 494 (127 SE2d 328), this court considered a situation where it was alleged that the name of defendant's attorney did not appear on the published calendar and to the contrary another attorney's name appeared as representing the defendant. The nonappearance of the defendant and his counsel was thus found to have been induced by an error in the official publication of the notice. It was held: "Where . . . the defendant's motion [to set aside] is predicated upon an error in the preparation and publication of the official court calendar, as required by law (Ga. L. 1960, pp. 2167, 2168), which error results in the omission of the name of the defendant's counsel from said published calendar, and the substitution of the name of another attorney in lieu thereof, it cannot be said that said motion is without sufficient legal reason to authorize the trial judge to set aside a jury verdict and judgment." Id., p. 496. See in this connection *Ferrell v. Haas,* 136 Ga. App. 274 (220 SE2d 771), where defendant was listed as having no attorney when he was in fact represented by one.

In the case sub judice appeal is taken from the refusal of the trial judge to set aside a judgment entered against the defendant. It is argued that the defendant did not have proper notice. The official publication giving notice of the trial recited the name of plaintiff and defendant, the name of plaintiff's attorney and the name of one of defendant's attorneys. It is contended that the notice was improper because the name of defendant's other attorney, his "lead counsel," did not appear.

Neither *Burton v. Gilder,* 106 Ga. App. 494, supra, nor *Ferrell v. Haas,* 136 Ga. App. 274, supra, sustains the defendant's position. They are authority that notice is insufficient where counsel's name is omitted or incorrect. They do not require that all counsel be listed in the official publication.

Here the notice listed the attorney who executed the

certificate of service on defendant's answer. The trial judge did not err in finding that the notice given was sufficient and in refusing to set aside the judgment.

*Judgment affirmed. Shulman and Banke, JJ., concur.*

ARGUED MAY 9, 1977 — DECIDED MAY 26, 1977.

*Ferrin Y. Mathews, James A. Barnett,* for appellant. *William S. Rhodes,* for appellee.