William C. WRIGHT d/b/a Wright Builders and Farmer Supply Company and Wright's Ace Hardware, Inc.

v.

**HARTFORD ACCIDENT & INDEMNITY COMPANY.**

**Civ. No. C76–99G.**

United States District Court, N. D. Georgia, Gainesville Division.

June 20, 1977.

J. Vincent Cook, Cook, Noell, Bates & Warnes, Athens, Ga., for plaintiff.

Joe B. Sartain, Jr., Sartain & Carey, Gainesville, Ga., for defendant.

## ORDER

O'KELLEY, District Judge.

This action is presently before the court on the defendant's motion for summary judgment. After careful consideration, the court concludes that the motion should be granted.

The relevant facts upon which the court must base its decision are not in dispute. On October 8, 1974, Mr. Randall Baird instituted a suit in the State Court of Jackson County against Wright's Ace Hardware, Inc. seeking to recover for damages to his automobile caused by a collision with a truck operated by Mr. Grover Whitfield and owned by Wright's Ace Hardware. When served with a copy of the complaint, Mr. William Wright, president of Wright's Ace Hardware, delivered the document to an agent of his insurance company, Hartford Accident and Indemnity Company. At that time, Mr. Wright requested the insurance company to retain his son-in-law to represent the hardware company in the matter. Mr. Wright was informed, however, that if the insurance company defended the suit, it would employ counsel of its own choice. Mr. Wright consented to this arrangement and was told by the agent (and subsequently by the lawyer retained to represent the insured) that the lawsuit "would be taken care of."

The insurance company retained Mr. Thomas Jarrard to defend the suit on behalf of the insured. Mr. Jarrard contacted Mr. Wright and suggested to him that it would be a good defensive measure to counterclaim for the damages to the Wright's Hardware truck. Although Mr. Wright indicated that the truck was not worth anything and that he did not intend to sue Mr. Baird for the damages to it, he did give Mr. Jarrard permission to file the counterclaim if he believed it to be an advantageous defensive tactic. Therefore, on November 16, 1974, an answer and counterclaim was filed in response to Baird's complaint.

The case was scheduled for trial in May, 1975, but prior to the trial, on May 19, 1975, a voluntary dismissal without prejudice to

the complaint and counterclaim was signed by the attorneys for both parties and filed with the clerk of the court. Although Mr. Jarrard notified Mr. Whitfield, the driver of the truck, as well as an employee at Wright's Hardware that the suit had been voluntarily dismissed, the evidence demonstrates that he neither sought Mr. Wright's permission to dismiss the counterclaim nor informed him of the dismissal.

On May 31, 1975, Mr. Baird filed a second complaint in the State Court of Jackson County against Wright's Ace Hardware and Grover Whitfield. This complaint, substantially identical to the previous one which had been voluntarily dismissed, was served upon Mr. Wright on June 3, 1975. Rather than forwarding the complaint to his insurance company, however, Mr. Wright retained the document. Since no answer was filed to the complaint, a default judgment in the amount of $1,915.00 was entered on August 18, 1975, against both defendants.

On August 14, 1975, prior to the entry of default judgment but after the case was in default, Mr. Wright contacted the insurance company and informed them of the existence of the second complaint. The position taken by the insurance company at that time was that if the default could be opened, it would undertake the defense on behalf of the insured. When default judgment was entered, Mr. Wright demanded that the insurance company pay the judgment. The company refused and, as a result, this suit was filed.

The plaintiff's complaint consists of three counts. In count one, the plaintiff alleges that the defendant was negligent and did not exercise good faith in handling the first lawsuit. The damages sought in count two arise from the defendant's refusal to pay the default judgment entered against the plaintiff in the second suit. Finally, in count three, the plaintiff seeks damages and attorney's fees under Ga.Code Ann. § 56–1206 which provides in pertinent part:

> In the event of a loss which is covered by a policy of insurance and the refusal of the insurer to pay the same . . . and a finding has been made that such

refusal was in bad faith, the insurer shall be liable to pay such holder, in addition to the loss, not more than 25 per cent. of the liability of the insurer for the loss and all reasonable attorney's fees for the prosecution of the case against the insurer.

The court will address the motion for summary judgment as it relates to each of the three counts of the complaint.

■ As it relates to count one of the complaint, the defendant's motion for summary judgment presents little difficulty. To support his allegations that the insurer was negligent and exercised bad faith in handling the first lawsuit, the plaintiff relies upon the defendant's refusal to allow him to choose the attorney who would represent the hardware company as well as the action taken by Mr. Jarrard, without the plaintiff's consent, allowing Mr. Baird to voluntarily dismiss his action without prejudice and dismissing, again without prejudice, the counterclaim which had been imposed on behalf of Wright's Ace Hardware. The plaintiff's reliance is misplaced. The first factor relied upon by the plaintiff to support his claim, *i. e.*, the insurer's refusal to allow him to choose the lawyer, is frivolous and requires no discussion. The plaintiff's second supporting factor is likewise without merit. In the circumstances surrounding the first suit, Mr. Jarrard's decisions to allow Mr. Baird to voluntarily dismiss his suit and to dismiss without prejudice Wright's counterclaim are reasonable as a matter of law. *See Ferrell v. Haas*, 136 Ga.App. 274, 220 S.E.2d 771 (1975). This is so even though he did not obtain Mr. Wright's consent and did not specifically notify Mr. Wright of the decisions. Mr. Wright had indicated that he did not intend to pursue the claim against Baird but gave Mr. Jarrard permission to use the claim as a defensive measure. When the main claim was dismissed, it is, of course, logical and reasonable to dismiss the claim employed for the sole purpose of defending against the complaint. Concerning the failure to notify Mr. Wright of the dismissal, it should be emphasized that Mr. Jarrard did notify the driver of the truck as well as another

employee of Wright's Ace Hardware. Since the case was scheduled for trial at that time, it is reasonable to assume that these individuals would inform Mr. Wright of the disposition of the lawsuit.

■ In any event, even if the defendant's agent was negligent in handling the initial suit, there is no proximate causal connection between that negligence and any injury to the plaintiff. Since the dismissals were without prejudice, all rights belonging to the plaintiff, including the counterclaim, were preserved. The fact that the plaintiff may no longer be able to pursue the claim for damages to the truck is not the result of the dismissal in the first suit but, rather, of the intervening default judgment entered in the second suit. Likewise, that default judgment was the result of intervening negligence of the plaintiff in failing to forward the complaint to his insurance company rather than the insurer's negligence in handling the first suit.

■ In count two of the complaint, the plaintiff alleges that the insurer wrongfully refused to satisfy the default judgment which was entered against him in the second suit. The insurer, on the other hand, contends that the policy provision requiring the forwarding of all suit papers is a condition precedent to recovery and since the plaintiff failed to comply with that provision, its refusal to satisfy the judgment is proper. The plaintiff concedes that compliance with the policy provision with respect to the forwarding of suit papers is a condition precedent to recovery. The plaintiff contends, however, that his failure to comply with this requirement is justified by the fact that his insurance agent told him, when he submitted the complaint in the first suit, that the lawsuit "would be taken care of," the fact that he was not notified of the dismissal without prejudice of the first suit, and the fact that the second complaint was substantially identical to the first one. In light of the Georgia Court of Appeals' decisions in *Bituminous Casualty Corp. v. J. B. Forrest & Sons, Inc.*, 133 Ga.App. 864, 212 S.E.2d 497 (1975), and *Cooper v. Glens Falls Indemnity Co.*, 93 Ga.App. 127, 91 S.E.2d 120 (1955), the court concludes that the circumstances presented by the case *sub judice* do not constitute the type of justification which would excuse the plaintiff's failure to comply with the provisions of the insurance contract. Even assuming the plaintiff believed that the first suit was pending, still he had an obligation to forward "every demand, notice, summons or other process received by him or his representative," and *Cooper* clearly indicates that a representation by an agent of the insurance company that the suit "would be taken care of" does not relieve the insured of that obligation.

■ Finally, the court's discussion relating to count two of the complaint is dispositive of count three. It is well settled that "[i]f there is any reasonable ground for contesting the claim there is no bad faith and it is error to award penalty and attorney's fees [under Ga.Code Ann. § 56–1206]." *Progressive Casualty Insurance Co. v. West*, 135 Ga.App. 1, 2, 217 S.E.2d 310 (1975), quoting *Home Indemnity Co. v. Godley*, 122 Ga.App. 356, 363, 177 S.E.2d 105 (1970). *Accord, Dependable Insurance Co. v. Gibbs*, 218 Ga. 305, 127 S.E.2d 454 (1962). Since there was as a matter of law a reasonable basis in this case for the insurer's refusal to satisfy the judgment entered against the plaintiff, the granting of summary judgment on count three in favor of the defendant is appropriate.

Based upon the foregoing discussion, the defendant's motion for summary judgment is hereby granted.