### 55272. ASSOCIATE ARCHITECTS, INC. v. HOLLAND.

DEEN, Presiding Judge.

The appellant corporation sued Holland for architect's fees allegedly owed in accordance with a contract between the parties. An appeal from a judgment in favor of the appellee which vacated a prior judgment in favor of appellant entered when the appellee failed to appear on the call of the case was dismissed in *Associated Architects, Inc. v. Holland,* 139 Ga. App. 793 (229 SE2d 674), as interlocutory. The case was then heard by the court without a jury and judgment rendered for the defendant. The corporation appeals from this final judgment. Holland has moved to dismiss the appeal as not in compliance with Code § 6-802.

1. The motion to dismiss is denied. The notice of appeal is properly from the final judgment (Code § 6-701 (a)1), and it complies with Code § 6-802 by identifying the judgment appealed from and otherwise containing the material there stipulated to be included in a notice of appeal. The sole enumeration of error complains of the judgment setting aside the original judgment which was held to be interlocutory on the first appearance of this case. Thus both the final judgment and the specific alleged error are properly identified.

2. The appellant has failed to include a transcript of evidence. It appears from the record, however, that the court and all parties were notified of the withdrawal of the attorneys originally representing Holland on December 16, 1975; that approximately December 23 the clerk's office prepared a calendar for the court for the week of

January 19, 1976, which was published in due course and which listed the case in its place on the docket but showed counsel for the defendant as having withdrawn. Present counsel was employed and notified the court that he was representing the defendant on December 31, after the calendar had gone to the printer.

Under these facts it was not error for the court to grant the motion to vacate the judgment and to reinstate the case. *Burton v. Gilder,* 106 Ga. App. 494 (127 SE2d 328). The negligence, if any, was not that of the defendant or his counsel. *Ferrell v. Haas,* 136 Ga. App. 274 (220 SE2d 771). The case of *Bragg v. Bragg,* 225 Ga. 494 (170 SE2d 29) is not apposite, it holding merely that on appeal from the court of ordinary, counsel for the appellant had no right to rely on notice from the ordinary as to the date of his decision. In *Tallman Pools v. Napier,* 137 Ga. App. 500, 503 (224 SE2d 426), it was held that the court did not abuse its discretion in refusing to vacate a judgment entered against a party who had changed counsel where the change took place subsequent to the giving of the notice, and where the counsel first representing the party did in fact receive notice of trial. Neither the defendant nor either set of attorneys received notice in the present case. For this reason the trial court did not err in vacating the judgment where it was apparent that failure to appear resulted from failure to include counsel's name in the published calendar.

*Judgment affirmed. Smith and Banke, JJ., concur.*

ARGUED FEBRUARY 1, 1978 — DECIDED FEBRUARY 16, 1978 — REHEARING DENIED MARCH 8, 1978 — CERT. APPLIED FOR.

*Schreeder, Wheeler & Flint, Warren O. Wheeler, Lawrence S. Burnat,* for appellant.

*Haas, Holland, Levison & Gibert, Richard N. Hubert, Robert L. Schwind,* for appellee.