## 56977. CITIZENS & SOUTHERN NATIONAL BANK v. BROWN.

SMITH, Judge.

Appellant bank contends the trial court erred in granting appellee's motion to set aside a default judgment against her. We agree and reverse with the direction that the court enter judgment in conformance with that default judgment, dated November 23, 1977.

On November 23, 1977, upon appellee's failure to appear for trial, the trial court entered final judgment for appellant in this post-judgment garnishment proceeding brought by the bank versus appellee-garnishee. The proceeding was founded upon a judgment the bank had previously obtained against appellee's husband. On June 7, 1978, the trial court held a hearing upon appellee's motion to set aside the November 23 judgment. At the hearing the court heard testimony which established that the clerk of court had omitted appellee's attorney's name from the trial calendar and that neither appellee nor her attorney had received notice of the date set for the trial of

the bank's traverses to appellee's answers. Citing *Ferrell v. Haas,* 136 Ga. App. 274 (220 SE2d 771) (1975), and basing its decision upon the evidence it received, the trial court granted appellee's motion to set aside. Then, on August 8, 1978, the court rendered a judgment which overruled the bank's traverses of appellee's answers to the garnishment summonses.

1. Appellee's suggestion to the contrary notwithstanding, appellant's enumeration of error concerning the order granting the motion to set aside is properly before us, even though appellant's notice of appeal cites only the August 8 judgment. "Where it is apparent from the notice of appeal, the record, the enumeration of errors, or any combination of the foregoing, what judgment or judgments were appealed from or what errors are sought to be asserted upon appeal, the appeal shall be considered in accordance therewith notwithstanding that the notice of appeal fails to specify definitely the judgment appealed from or that the enumeration of errors failed to enumerate clearly the errors sought to be reviewed." Ga. L. 1965, pp. 18, 29 as amended (Code Ann. § 6-809 (d)). See also *Housing Authority of City of Douglas v. Marbut,* 229 Ga. 403 (191 SE2d 785) (1972), and Ga. L. 1965, p. 18, as amended (Code Ann. § 6-701 (b)). "Where there has been an appeal from a final judgment, as here, a prior interlocutory ruling or judgment may be enumerated as error, and this may be done whether the final judgment is enumerated as error or not." *Slay v. Brady,* 126 Ga. App. 249, 250 (190 SE2d 445) (1972); *Associate Architects v. Holland,* 145 Ga. App. 210 (1) (243 SE2d 573) (1978).

2. Motions to set aside must comply with Ga. L. 1974, pp. 1138, 1139 (Code Ann. § 81A-160 (d)), which provides: "A motion to set aside must be predicated upon some nonamendable defect which does appear upon the face of the record or pleadings, or a motion to set aside shall also lie to attack a judgment based upon lack of jurisdiction over the person or subject matter, regardless of whether such lack or jurisdiction appears upon the face of the record or pleadings. . ." Appellee's motion did not raise a jurisdictional issue, and therefore the trial court should have confined its consideration to the face of the record or

pleadings. Here, however, the court based its decision to set aside the prior judgment upon evidence adduced on the hearing of the motion, which evidence established that appellee had not received trial notice. "The matters on which the trial judge set aside the [judgment] were developed by the evidence, and did not appear upon the face of the record or pleadings. Such matters are not within the orbit of Code Ann. § 81A-160 (d), and the trial judge erred in setting aside the [judgment]." *Miller v. Miller,* 230 Ga. 777, 778 (199 SE2d 241) (1973). *Bradberry v. Bradberry,* 232 Ga. 651 (2) (208 SE2d 469) (1974). Appellee's citation to Ga. L. 1966, pp. 609, 662, as amended (Code Ann. § 81A-160 (g)) is inapposite.

*Judgment reversed with direction. Quillian, P. J., and Birdsong, J., concur.*

ARGUED JANUARY 15, 1979 — DECIDED APRIL 13, 1979 — REHEARING DENIED MAY 8, 1979 — 

*Richard C. Freeman, III,* for appellant.
*Strother, Hicks & Wallace, Glenn H. Strother,* for appellee.