## 35165. BROWN v. CITIZENS & SOUTHERN NATIONAL BANK.

HILL, Justice.

The C&S Bank obtained a $5,000 judgment against Mrs. Brown's husband. When he failed to pay it, the bank obtained from the State Court of DeKalb County and served on June 6, 1977, a summons of garnishment on Mrs. Brown as garnishee. She filed an answer of garnishee pro se on July 18 in case 60871. C&S served and filed a traverse on August 26. A second summons of garnishment was served on Mrs. Brown on August 30. The first traverse came on for trial on September 22, the garnishee did not appear and the matter was continued at the request of counsel for the bank. On October 6, Mrs. Brown answered the second summons through counsel in case 60871, denying indebtedness and asking for attorney fees. C&S again traversed on October 17, serving defendant's counsel by mail.

On November 23, 1977, the matter came on again to be heard. The trial court found that the matter had appeared previously on the court's calendar and that there had been no appearance by or on behalf of the garnishee. On this second appearance, the garnishee again failing to appear, the trial court struck her answer

and granted the bank judgment against the garnishee. This judgment, entered November 23, 1977, was not challenged during the term at which it was entered.

On February 24, 1978, the garnishee filed a motion to set aside default judgment, based on failure to give notice to her attorney of record of the November 23 trial date. Upon hearing this motion, the trial court vacated the November 23, 1977, judgment on the authority of *Ferrell v. Haas,* 136 Ga. App. 274 (220 SE2d 771) (1975), on the basis that the records of the court, to wit: the calendar, failed to list the name of the attorney representing the garnishee (and as a consequence the published calendar failed to give notice to the garnishee of the trial). Subsequently, the trial court overruled the bank's traverse to the garnishee's answer. The bank appealed.

The Court of Appeals reversed the trial court's order setting aside the default judgment and directed that that judgment be reinstated, holding that the garnishee's motion to set aside did not comply with Code Ann. § 81A-160(d). *C. & S. Nat. Bank v. Brown,* 149 Ga. App. 795 (256 SE2d 72) (1979). We granted certiorari to determine whether the trial calendar is a part of the record of the case so that a defect appearing on the calendar is a defect appearing on the "face of the record" within the meaning of Code Ann. § 81A-160(d). We find that it is a part of the record.[1]

As noted above, we are not dealing here with a motion to vacate or set aside a judgment made before the end of the term at which the judgment was rendered. We are dealing here with a motion to set aside a judgment

---

[1] The bank argues that the November 23rd trial was the rescheduled September 22nd trial of the first traverse to the garnishee's first answer in which she appeared pro se, and hence her attorney was not entitled to notice of the November 23rd trial. Suffice it to say that the November 23, 1977, judgment was entered against Mrs. Brown in Case No. 60871 in which her attorney had filed responsive pleadings (the second answer of garnishee) and hence her attorney was entitled to notice of the November 23 trial setting.

made after the term of rendition, but within three years from entry. Code Ann. § 81A-160 (f).

Code Ann. § 81A-160(d) provides as follows: "A motion to set aside must be predicated upon some nonamendable defect which does appear upon the face of the record or pleadings, or a motion to set aside shall also lie to attack a judgment based upon lack of jurisdiction over the person or subject matter, regardless of whether such lack of jurisdiction appears upon the face of the record of [sic] pleadings. To be subject to motion to set aside, it is not sufficient that the complaint or other pleading fail to state a claim upon which relief can be granted, but the pleadings must affirmatively show that no claim in fact existed."[2] This provision is not patterned after Rule 60, F.R.Civ.P., but comes at least partially from Code §§ 110-702, 110-703 of the Code of 1933.

Because we are not here concerned with an attack based upon lack of jurisdiction over the person or subject matter, the motion must be predicated upon a nonamendable defect which appears on the face of the record or pleadings (in this case, the record). In *White v. Newton Mfg. Co.,* 38 Ga. 587 (3) (1869), the court undertook to describe what the "record" of a case includes. The court listed, among other things, an order setting a case for hearing in vacation. By the same token, we find that the calendar setting a case for trial in term (as opposed to vacation) is also a "part of the record" in the case set for trial.[3] Thus, the absence of the name of an attorney on the trial calendar, here the attorney for the garnishee, appears on the "face of the record."

The trial court held a hearing on the garnishee's motion to set aside and heard evidence at that hearing. The Court of Appeals found that a motion to set aside must

[2]The last requirement, a showing that no claim in fact existed, was confirmed by the subsequent overruling of the bank's traverse.

[3]Cases relied upon by the bank finding that the judge's entries (notes) on the bench docket are not part of the record, are distinguishable. *Pulliam v. Dillard,* 71 Ga. 598 (1883) and cits.

be based on a defect on the face of the record, not on evidence adduced at the hearing of the motion. *Miller v. Miller,* 230 Ga. 777, 778 (199 SE2d 241) (1973). The trial judge has certified to this court that, because the newspaper calendar was not produced at the hearing, he examined the clerk's calendar in camera.[4] It is well settled that a court may take judicial notice of its own records in the immediate case or proceedings before it. *South America Managers, Inc. v. Reeves,* 220 Ga. 493, 495 (140 SE2d 201) (1965). Thus, we find that the trial court was authorized to take judicial notice of the absence of the attorney's name on the trial calendar and that in doing so the trial court did not consider extrinsic evidence contrary to *Miller v. Miller,* supra.

A judgment or order based upon a trial or hearing entered against a party without notice to that party of the trial or hearing is subject to a motion to set aside where the lack of notice appears on the face of the record. *Spyropoulos v. John Linard Estate,* 243 Ga. 518 (255 SE 2d 40) (1979); *Anderson v. Fulton Nat. Bank,* 146 Ga. App. 155 (245 SE2d 860) (1978); *Hopkins v. Donaldson,* 137 Ga. App. 786 (2) (224 SE2d 788) (1976); *Wilkes v. Ricks,* 126 Ga. App. 266 (190 SE2d 603) (1972); see also *Barber v. Canal ' Ins. Co.,* 119 Ga. App. 738 (168 SE2d 868) (1969). We have held that publication of the trial calendar in the official county newspaper is notice of trial pursuant to Code Ann. § 81A-140 (c). *Spyropoulos v. John Linard Estate,* supra. We are unwilling to extend that holding to the facts of this case because, in searching the published calendar, attorneys and their calendar assistants look for the names of counsel, not the names of cases. We find that the omission of the attorney's name from the trial calendar to be published in the newspaper resulted in the garnishee not receiving notice of the trial date. At the hearing on the garnishee's motion to set aside, the bank

---

[4]Although this certificate was not before the Court of Appeals, the bank as appellant was under a duty to include in the record on appeal the trial calendar referred to by the trial judge in the order being appealed, to wit: the order granting the motion to set aside.

was unable to prove that the garnishee's attorney had actual notice of the trial date (if actual notice had been given, the absence of the attorney's name on the calendar would have been harmless error).

We hold that the absence of the attorney's name on the trial calendar was a defect on the face of the record, that publication of this defective calendar did not constitute notice of trial, and that this lack of notice constituted a nonamendable defect on the face of the record as contemplated by Code Ann. § 81A-160 (d). Hence, the trial court did not err in setting aside the November 23, 1977, judgment on the garnishee's motion to set aside.

*Judgment reversed. All the Justices concur, except Nichols, J., disqualified.*

ARGUED NOVEMBER 13, 1979 — DECIDED
MARCH 12, 1980 —
REHEARING DENIED MARCH 31, 1980.

*Strother, Hicks & Wallace, Glenn H. Strother, Clifton S. Fuller, Jr.,* for appellant.
*Richard C. Freeman, III,* for appellee.